Joseph N. HALL, Plaintiff–Appellant,

v.

Dennis STONE, Defendant–Appellee.

No. 98–2065.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 24, 1999.

Decided March 12, 1999.

Joseph N. Hall, pro se.

Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Joseph Hall, a federal prisoner, filed a notice of appeal last April in this civil suit. The district court had denied his request for permission to proceed *in forma pauperis*, concluding that Hall had the assets to prepay the whole filing fee. In this court Hall neither paid the $105 filing and docketing fees nor filed an application for leave to proceed *in forma pauperis*, and we dismissed the appeal on July 2, 1998, for failure to pay the required fees. This was not the end of matters, however, because by filing the notice of appeal Hall incurred a legal obligation to pay, and we held in *Newlin v. Helman*, 123 F.3d 429 (7th Cir.1997), that district courts must assess and collect fees under the Prison Litigation Reform Act.

Judge Tinder of the United States District Court for the Southern District of Indiana issued an appropriate order under *Newlin* and 28 U.S.C. § 1915, requiring the Warden of the United States Penitentiary at Allenwood, Pennsylvania, to remit $105 from Hall's prison trust account. Yet the Warden refused to comply with this order, informing the court that Hall had not authorized the disbursement. Faced with conflicting directives from a federal prisoner and a federal judge, the Warden decided to follow the prisoner's instructions! The district court reported this response to us (for it is the appellate fees that are at issue), and we issued an order requiring the Warden to show cause why he should not be held in contempt of court. Since the district court's order Hall has been transferred to the Federal Correctional Institution at Jessup, Georgia, and Warden Fanello of Allenwood has asked that the order be discharged now that Warden Wooten of Jessup has authorized the payment of $105 from Hall's account.

Under the changes the PLRA made to § 1915, correctional institutions must remit payments ordered by the district court, regardless of the prisoner's wishes. 28 U.S.C. § 1915(b). "Whether [the prisoner] authorized the prison to disburse the money is neither here nor there. How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's (and the prison's) control once the prisoner files the complaint or notice of appeal." *Newlin*, 123 F.3d at 436. Section 1915(b)(2) provides that "[t]he agency having custody of the prisoner shall for-

ward payments from the prisoner's account to the clerk of the court" in the amounts prescribed by the statute. Hall incurred the debt for the appellate fees, and thus consented to the use of his prison trust account for payment, by filing a notice of appeal; he could not avoid his obligation by refusing to sign bureaucratic intra-prison paperwork. Section 1915 does not give prisoners a veto power over collection—and at all events, once the district court enters an order under the PLRA, a warden *must* comply. Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal. *Pasadena Board of Education v. Spangler*, 427 U.S. 424, 439–40, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976). Ignoring a judicial order, as Warden Fanello did, because a prisoner contradicts it, is out of the question. We reiterate the point of *Newlin*: Custodians must remit as ordered under § 1915 without regard to the prisoner's wishes. A prisoner's complaint or notice of appeal is all the authorization needed to debit his trust account; wardens must follow the statute (and judicial orders) rather than contrary directions from their charges.

 Our order directed Warden Fanello to show cause why he should not be held in contempt of court and "why (even if contempt is inappropriate) he believes that the Prison Litigation Reform Act does not of its own force require payment from Hall's account." The Warden's only reply is that at last the Bureau of Prisons has begun to take the steps necessary to remit the $105. This response is insufficient. It does not reveal why the Warden disregarded Judge Tinder's order, and what procedures have been put in place at Allenwood (or other federal prisons) to ensure that similar orders will be followed. Warden Fanello's initial response to Judge Tinder's order is unfortunately not unique. Other prisons likewise have occasionally failed to comply; the problem seems to be especially severe when prisoners are transferred, for the transferee institution may not receive instructions concerning required payments.

Warden John F. Fanello disobeyed a judicial order. His response to our order to show cause does not deny this and does not ask for a hearing. Compliance six months late, and only after the court has issued an order to show cause, is not tolerable—especially when the recipient of the order does not even attempt to explain why compliance was not forthcoming earlier. We therefore hold Fanello in contempt of court. We will withhold imposition of a sanction, however, and offer Fanello an opportunity to purge the contempt by demonstrating that he has put into place an administrative system that will prevent a recurrence of this problem—whether the prisoner is at Allenwood the whole time, is transferred to Allenwood from another prison that received a payment order under the PLRA, or is transferred from Allenwood after Allenwood has received the payment order. Warden Fanello has 30 days to demonstrate that an appropriate system is in place, or is in immediate prospect.