**Joseph N. HALL, Plaintiff–Appellant,**

**v.**

**Dennis STONE, Defendant–Appellee.**

**No. 98–2065.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 9, 1999.

Decided June 3, 1999.

---

Joseph N. Hall (submitted), Atlanta, GA, Plaintiff–Appellant Pro Se.

Judith A. Stewart (submitted), Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

Last March we held John F. Fanello, the Warden of the United States Penitentiary at Allenwood, Pennsylvania, in contempt of court for failing to comply with an order to remit funds from a prisoner's trust account to satisfy the prisoner's obligations under 28 U.S.C. § 1915(b). See 170 F.3d 706. We offered the warden "an opportunity to purge the contempt by demonstrating that he has put into place an administrative system that will prevent a recurrence of this problem", *id.* at 708.

In response to this court's order, Warden Fanello informs us that he has established a new procedure under which personnel of the prison will comply with their obligations under the Prison Litigation Reform Act according to judicial orders issued to implement the holding in *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997). The Warden's response, which emphasizes that prisoners' accounts are held in trust and therefore are not (ordinarily) subject to creditors' claims, suggests that even now the basis of our original decision is not entirely clear to him. The PLRA does not create ordinary debts that prisoners must satisfy. An order under 28 U.S.C. § 1915(b) is addressed *to the Warden*, directing the Warden, as trustee of the account, to disburse it in a particular way. When a judge issues an order directly to a trustee in that fiduciary role, the trustee must comply unless the order is stayed or set aside on appeal. Under no circumstances may the judicial order be ignored or countermanded by the trust beneficiary.

Nonetheless, Warden Fanello informs us that he has put into place procedures to comply with judicial orders issued under the PLRA as *Newlin* and our prior opinion in this matter interpret that statute. We are concerned that this procedure has not been embodied in a formal statement of policy circulated to the Warden's subordinates—at least, if such a statement has been drafted and circulated, it has not been furnished to the court—and that the Warden's Declaration of April 7, 1999, does not specifically address the problems that may arise when a prisoner is transferred during the process of PLRA collection, we accept the Warden's assurance that this policy has been communicated, will be followed, and will be effective. On the understanding that the problem will not recur, the finding of contempt is purged, and the order to show cause is dismissed.