**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK MARTIN,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections, DAVID MCKUNE,
Warden, DARREL KERR, Business
Manager, LISA MENDOZA, Attorney,
Department of Corrections, and
MARTIN ASHER, District Court
Judge,

      Defendant-Appellees.

No. 00-3294
(D.C. No. 98-CV-3259)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, KELLY** and **LUCERO**, Circuit Judges.

Plaintiff-Appellant Frederick Martin ("Martin"), is an inmate in the Kansas

State Penitentiary in Lansing, Kansas. Because Martin's complaint was dismissed

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

at the pleading stage, we assume the facts in his complaint are true. See, e.g., Freeman v. Dep't of Corr., 949 F.2d 360, 361 (10th Cir. 1991).

This action arises out of an earlier suit Martin filed in Kansas state district court alleging that prison officials had unlawfully deprived him of the use of money in his prison trust account by preventing him from sending more than $30 out of the prison each month. (Complaint at 2.) Citing prison regulations, the officials had refused Martin permission to send his mother $300 to pay for living expenses. (Id. at 3.) Martin filed suit in state court seeking an injunction to prevent prison officials from enforcing the regulation. (Id.) Kansas District Judge Martin Asher ("Asher") dismissed the case the case on the merits and denied Martin's motion for in forma pauperis status to file certain post-judgment motions. Therefore, pursuant to 28 U.S.C. § 1915(b), prison officials deducted $55 to pay a filing fee for post-judgment motions as well as $63.50 in "unspecified costs" associated with his case. (Id. at 4-5.)[1]

Martin then filed suit against the same group of prison officials as well as Asher himself in federal district court. (Id. passim.) In this second suit, Martin renews his claim for injunctive relief and damages arising from the regulation limiting his use of funds in the prison trust account, and he sought damages for an

---

[1]This additional deduction was apparently the result of a clerical error. According to the district court's order of February 2, 1999, the money was later returned to Martin's account.

alleged conspiracy by Asher and the prison officials to deprive him of money in his prison trust account by confiscating filing fees. (Id.)

The federal district court dismissed the action on February 18, 1999, holding that Martin's objection to the regulation was barred by principles of res judicata, and that he failed to allege a cause of action with respect to the alleged conspiracy to confiscate funds to pay filing fees in the earlier action. (Order of 2/18/99) Martin filed a "Motion to Rescind" the order on February 25, questioning the district court's disposition of the case and seeking a hearing before a magistrate on the merits of his claim. The district court construed the filing as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), and denied the motion in an order dated Sept. 29, 1999. Although Plaintiff did not file timely notice of appeal of this order, he filed four additional post-judgment motions which the district court denied in an order dated July 24, 2000, incorporating the reasoning of the September 29, 1999 order by reference.

Martin did not appeal the July order, but instead filed a "Motion for Specific Findings of Fact" which the district court denied on August 25, 2000. Martin filed timely notice of appeal from this order on September 1, 2000.

## DISCUSSION

Because Martin has filed timely notice of appeal only with respect to the district court's August 25 order denying his "Motion for Specific Findings of

Fact," this court lacks appellate jurisdiction to review the district court's prior orders. See Fed. R. App. P. 4 ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). Moreover, while Martin styled his motion as one for relief from the February 18, 1999 order pursuant to Rule 59(e), we note that it was filed far outside the ten-day deadline for such a motion. See Fed. R. Civ. P. 59(b). Therefore, we construe his filing as a motion for relief from judgment pursuant to Rule 60(b). See Weitz v. Lovelace Heath System, Inc., 214 F.3d 1175, 1181 (10th Cir. 2000). We review a district court's disposition of a Rule 60(b) motion for abuse of discretion. See id. In reviewing such an order, this Court typically reviews only the order denying the motion, and we do not address the merits of the underlying judgment. See Amoco Oil Co. v. United States E.P.A., 231 F.3d 694, 697 (10th Cir. 2000). "Under this standard, we will not reverse unless the trial court has made an 'arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992 (10th Cir. 1999).

We affirm the district court's dismissal for substantially the reasons set forth in its orders of July 24, 2000, September 29, 1999, and February 18, 1999. While we do not rule on the merits of the district court's order dismissing Martin's complaint, its decisions on the merits were not arbitrary, capricious or

whimsical. (Order 2/18/99.)  <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 1915(b) (requiring courts to assess and collect fees from prisoners filing suits <u>in</u> <u>forma</u> <u>pauperis</u>); <u>Hall v. Stone</u>, 170 F.3d 706, 707-08 (7th Cir. 1999) ("Custodians must remit under § 1915 without regard to the prisoner's wishes."); <u>Allen v. McCurry</u>, 449 U.S. 90, 95 (1980) (holding that principles of res judicata will preclude parties from litigating issues in federal court that have already been decided in a state forum).

Moreover, given that Martin had unsuccessfully challenged the February 18 order in a prior Rule 59(e) motion and failed to appeal that decision, it was not an abuse of discretion for the district court to refuse to revisit those issues in a subsequent Rule 60(b) motion.

Therefore, we AFFIRM the district court's order of August 25.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge