**Robert BEESE, Plaintiff,**

v.

**Steven LIEBE, Sheriff, Waupaca County, Christ Brogaard and Sandy (Sam) Bremmer, Defendants.**

**Robert Beese, Plaintiff,**

v.

**Elmer P. Karl, Lance Wiersma, John Clark and Sharon Hunter, Defendants.**

No. 00–C–0777, 00–C–0778.

United States District Court, E.D. Wisconsin.

Aug. 2, 2001.

Robert C Beese, North Fork Correctional Facility, Sayre, OK, Pro se.

Charles H Bohl, Mark P Jungers, Whyte Hirschboeck Dudek, Milwaukee, WI, for Steven Liebe, Christ Borgaard, Sandy Bremmer, defendants.

Michael D Oeser, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Elmer P Karl, Lance Wiersma, John Clark, Sharon Harter, defendants.

### ORDER

ADELMAN, District Judge.

In July 2000, in each of these cases, I granted plaintiff Robert C. Beese's request for leave to proceed in forma pauperis. I ordered

the Secretary of the Wisconsin Department of Corrections or his designee [to] collect from the plaintiff's prison trust account the $136.84 [1] balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).

(Decision and Order of 7/10/00 (Case No. 00–C–777); Decision and Order of 7/13/00 (Case No. 00–C–778).) Following this order the warden of Oshkosh Correctional Institution, where Beese was incarcerated, forwarded payments toward the filing fee at least once or twice each month through June 6, 2001.

On June 11, 2001, however, the clerk of court received a letter addressed "To Whom It May Concern" from the inmate accounts staff person at Oshkosh Correctional Institution. The letter, on Wisconsin Department of Corrections letterhead, referenced each of these cases and stated that on May 30 Beese was transferred out of state to North Fork Correctional Facility in Sayre, Oklahoma. The letter informed the court that "[s]ince [Beese's] account is no longer administered at Oshkosh Correctional Institution we will be unable to withhold the filing fees for the above referenced case. In approximately one year he will be transferred back to the Wisconsin Department of Corrections, at which time withholdings for this case will resume."

The inmate accounts staff person, speaking on behalf of the DOC and thus on behalf of DOC Secretary Jon E. Litscher

---

1. This was the balance in case number 00–C–777; in case 00–C–778 the order stated a balance of $136.94.

as well, apparently misunderstands both federal law and my orders. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(2) (emphasis added), provides that when the court orders monthly payments toward the filing fee, *"[t]he agency having custody of the prisoner* shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 *until the filing fees are paid."*

More than two years ago the Seventh Circuit issued a warning to all wardens and state officials charged with forwarding PLRA filing fees. In *Hall v. Stone,* 170 F.3d 706, 707–08 (7th Cir.1999) (*"Hall I"*), the court in no uncertain terms responded to a federal warden's failure to forward funds from a prisoner's account to the district court to pay an appellate filing fee. The warden had answered an order to show cause by stating that the prisoner had been transferred to another facility. The court held the warden in contempt, stating that "once the district court enters an order under the PLRA, a warden *must* comply. Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal." *Id.* at 708. The court noted that the warden's failure to follow the court's order was unfortunately not unique, especially in regard to prisoners who were transferred between prisons: "Other prisons likewise have occasionally failed to comply; the problem seems to be especially severe when prisoners are transferred, for the transferee institution may not receive instructions concerning required payments." *Id.* The court held the warden in contempt, but it allowed him an opportunity to purge the contempt by demonstrating the promulgation of an administrative system to insure that payments are made whether a prisoner is at the warden's facility or transferred to or from another facility. *Id.*

The warden's response to the Seventh Circuit's contempt order indicated that the warden still did not fully understand the court's concern with his inaction, prompting the court to reiterate again the mandatory nature of an order directing the custodian to pay federal court filing fees:

The PLRA does not create ordinary debts that prisoners must satisfy. An order under 28 U.S.C. § 1915(b) is addressed *to the Warden,* directing the Warden, as trustee of the account, to disburse it in a particular way. When a judge issues an order directly to a trustee in that fiduciary role, the trustee must comply unless the order is stayed or set aside on appeal. Under no circumstances may the judicial order by ignored or countermanded by the trust beneficiary.

*Hall v. Stone,* 179 F.3d 1043, 1044 (7th Cir.1999). The court also expressed concern that the warden's response did not specifically address the new procedures in place for processing filing fee collection when a prisoner is transferred before the full filing fee is paid. *Id.*

In the cases before me, the Secretary cannot argue that the DOC no longer is the "agency having custody of the prisoner" for purposes of § 1915(b)(2). If that were true, the Secretary would not be admitting, as he has in several cases before me, that he is the proper custodian and respondent for habeas corpus petitions filed by Wisconsin prisoners transferred out-of-state. Wisconsin prisoners are sentenced and placed in the custody of the DOC no matter where the DOC thereafter physically places those prisoners.

Moreover, I specifically ordered the *Secretary or his designee* to collect and forward the filing fees pursuant to 28 U.S.C. § 1915(b)(2). That obligation did not disappear just because the Secretary decided to ship Beese out-of-state. Beese still

owes $89.17 in case 00–C–777 and $77.36 in case 00–C–778. Beese presumably has a trust account at North Fork, and any income credited to his account for the last two months thus is still subject to my order and must be forwarded to the clerk of court by the Secretary or his designee. The Secretary may continue the payments of the filing fees by making arrangements to obtain Beese's funds from North Fork, or the Secretary may arrange for the warden of North Fork to act as the Secretary's designee and to collect and forward the payments; that is the Secretary's choice. But it is nevertheless the Secretary's obligation to put into place procedures for continuing the collection of the filing fees. *See Hall I,* 170 F.3d at 707–08. The payments *do not stop,* nor are they even temporarily placed on hold, just because the Secretary has chosen to send Beese out-of-state. My order in each of these cases continues in effect. *See id.* I note that the same is true for each and every prisoner civil rights case before me in which a prisoner with a PLRA filing fee order in effect has been transferred out-of-state.

**THEREFORE,** the Secretary of the Wisconsin Department of Correction is **ORDERED TO SHOW CAUSE** why he should not be held in contempt for declaring that he has no further obligation to collect and forward the filing fees in these cases until Beese is transferred back to a Wisconsin facility notwithstanding the court's July 2000 orders and 28 U.S.C. § 1915(b)(2), and failing to collect and forward, either himself or through a designee such as the North Fork warden, the filing fees in these cases from Beese's North Fork trust account for the last two months.

**IT IS ORDERED** that within twenty-one days of the date of this order the Secretary shall respond to this court, indicating, for instance, what procedures are or promptly will be established for collecting and forwarding the filing fees from Beese's trust account—whether Beese is at North Fork, any Wisconsin DOC facility, or any other out-of-state facility—or otherwise addressing why he should not be held in contempt of court.

Copies of this order will be sent by my clerk to the parties and attorneys involved in these two cases, and, in addition, to Secretary Litscher and Charles N. Hoornstra, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707–7857.