**Gene E. DUDLEY, Sr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–2861C.**

United States Court of Federal Claims.

Aug. 12, 2004.

Gene E. Dudley, Texarkana, TX, pro se plaintiff.

David D'Alessandris, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General, and Director David M. Cohen, for defendant.

## ORDER ON MOTION TO DISMISS

FIRESTONE, Judge.

Pending before the court is the government's February 23, 2004 Motion to Dismiss the plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. In his complaint, the plaintiff claims that the United States ("government") breached a contract with him by extracting money from his prisoner's account to pay for filing fees and associated costs for lawsuits initiated by him. In the alternative, the plaintiff claims that such extraction of fees and costs amounts to an unlawful taking by the government.[1] The plaintiff seeks $10,580. The government seeks to dismiss the case for lack of jurisdiction on the grounds that the plaintiff failed to exhaust his administrative remedies before filing this action. In the alternative, the government contends that the case must be dismissed for failure to state a claim for breach of contract or a taking by the government.

### Background

The plaintiff is an inmate in a federal correction facility. The plaintiff's suit involves the Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, 1374–75 (April 26, 1996). The PLRA provides a special form of filing *in forma pauperis* for prisoners. Under the PLRA, courts are directed to automatically withdraw installment payments for court filing fees and costs from prisoners' accounts. If the prisoner does not have sufficient funds to pay the filing fees up-front at the time of the filing, the PLRA allows the court to withdraw funds from the prisoner's account on an installment basis:

(1) [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee .... (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account....

28 U.S.C. § 1915(b) (2004). The PLRA further provides that once a prisoner has filed three actions, which are dismissed because they are frivolous, malicious, or fail to state a claim, the prisoner may no longer file *in forma pauperis*, but must pay the entire filing fee when the prisoner initiates the action. This so-called "three-strikes" provision was designed to discourage frivolous lawsuits from prisoners and provides as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [*in forma pauperis*] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2004).

The plaintiff claims that the three-strikes clause prevents the government from extracting money from his account. The plaintiff maintains that under the three-strikes provision, once he has filed more than the required three suits in various courts, he is not able to file "under this section" but instead is entitled to use the ordinary *in forma pauperis* provision. Thus, he argues that

---

1. The plaintiff also initially included a due process claim and sought declaratory and injunctive relief. In his March 26, 2004 response, the plaintiff dropped those claims, and also dropped his takings claim. However, subsequently, on April 5, 2004, the plaintiff requested for leave of the court to reinstate his takings claim. His motion was unopposed. The court hereby **GRANTS** the plaintiff's request for leave to amend his pleadings and will consider his takings claim.

having exceeded the three-strikes rule, he may proceed without paying any filing fee. In such circumstances, he contends that the government has violated his rights by extracting money from his prisoner account to pay for court filing fees. The plaintiff offers his applications to proceed *in forma pauperis*, statements from his prisoner accounts, and withdrawal of funds authorization forms to establish his claim. He contends that the money extracted from his account by the courts amounts to either a breach of contract or a taking.

## I. The Plaintiff's Claims Can Be Dismissed Without Exhaustion of Administrative Remedies

█ The government has moved to dismiss the plaintiff's action on the grounds that the plaintiff has failed to exhaust his administrative remedies through the process established under the PLRA. The PLRA provides that prisoners complaining of "prison conditions" must first exhaust their administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is not disputed that the plaintiff did not comply with the PLRA's administrative process. The government argues that the plaintiff's case must be dismissed for failure to exhaust.

The plaintiff contends that he was not required to exhaust any administrative remedies because he is not complaining of any prison condition. The plaintiff argues that "[the Bureau of Prisons (the "BOP")] cannot offer any relief from contractual relationship and therefore ... BOP grievance system cannot resolve non-tort issues not related to prison conditions." Pl.'s Request to Deny Def.'s Reply Br. at 4. As the plaintiff argues, because he is challenging the extraction of fees, which according to the plaintiff is separate from prison conditions, his claim should proceed.

The government's motion to dismiss for failure to exhaust is denied. While the PLRA requires exhaustion in most cases, the PLRA further provides that exhaustion is not required if the underlying claim brought by a prisoner is "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief ...." 42 U.S.C. § 1997e(c)(2) (2004). *See also Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) ("[A] district court must screen prisoner complaints and dismiss those that are frivolous or malicious and those that fail to state a claim or seek monetary relief from a defendant who is immune from such relief."); *McCoy v. Goord*, 255 F.Supp.2d 233, 251–52 (S.D.N.Y.2003) ("[T]he court may consider unexhausted claims on the merits only to dismiss them as frivolous or malicious or for failure to state a claim.").

For the reasons that follow, the court concludes that the plaintiff has failed to state a claim upon which relief can be granted. In such circumstances, exhaustion is not required.

## II. Withdrawal of Funds From Prisoners' Accounts is Regulated by Statute and Not by Contract [2]

The plaintiff argues that he entered into an illegal contract with the BOP, which allowed the courts to subtract filing fees and costs from his account. The plaintiff argues that "several standardized forms issued from the United States courts seeking a signature from Plaintiff which created an obligation agreeing to pay installments prior [to] obtaining a grant from those courts to proceed to litigate while paying." Pl.'s Request to Deny Def.'s Reply Brief at 3.

The government argues that the plaintiff has failed to demonstrate a contractual relationship. Moreover, the government argues that prisoner trust fund accounts are regulat-

---

**2.** The plaintiff filed a Request to Initiate Discovery Process on April 29, 2004, arguing that discovery is necessary for him to adequately support his contract claim. On May 11, 2004, the gov-

ernment opposed the plaintiff's motion, or requested a stay of discovery. The plaintiff's request to initiate discovery is hereby **DENIED**.

ed by statute, 31 U.S.C. § 1321(b), not by contract. The government additionally contends that even if the PLRA has been violated, it is not a money-mandating statute and therefore this court lacks jurisdiction.

■ The court agrees with the government that withdrawals from the plaintiff's prison account are regulated by statute and not by contract. The PLRA clearly mandates that the BOP must remit filing fees from prisoners' trust accounts to cover court filing fees, if a prisoner files an action. Therefore, by withdrawing the fees as required by the PLRA to pay for plaintiff's filings, the BOP officials are simply complying with the law and the court order directing the fee withdrawal. Indeed, federal officials who fail to comply with the PLRA provisions may be held in contempt of court. *See Hall v. Stone*, 170 F.3d 706 (7th Cir.1999). Thus, BOP's actions did not violate any contract with the plaintiff by complying with the PLRA.

The plaintiff also contends that the BOP, courts, and clerks of the courts entered into an agreement that required his authorization to extract money from his account. The plaintiff argues that he never gave such authorization and that this amounted to a breach of contract. Although an authorization form is part of the process in extracting court fees and costs from prisoners' accounts, authorization is not required. As the *Hall* court stated, "A prisoner's complaint or notice of appeal is all the authorization needed to debit his trust account ...." *Id.* at 708. Thus, contrary to the plaintiff's contention, the government did not breach any agreement with the plaintiff by not obtaining his authorization to extract funds from his account to pay for court filing fees.

■ At the heart of the plaintiff's case is his belief that once a prisoner meets the three-strikes requirement, he is no longer subject to the special rules governing *in forma pauperis* filings for prisoners, and may be excused from all filing fees. The plaintiff's reading of the PLRA is erroneous. Under the PLRA once a prisoner has used up his three-strikes he is no longer allowed to file *in forma pauperis* at all. Instead, he may now be required to pay the filing fee

upon filing his case or appeal. While a court, in its discretion, may allow a prisoner who has exceeded the three-strikes rule to pay fees over time, the court is not obligated to accept the filing and may choose to dismiss a case with unpaid fees. In *In re Alea*, 286 F.3d 378 (6th Cir.2002), *cert. denied*, 537 U.S. 895, 123 S.Ct. 180, 154 L.Ed.2d 163 (2002), the plaintiff argued that he was not required to pay a court filing fee when his complaint was dismissed under the "three-strikes" rule of the PLRA. As the Sixth Circuit explained, a "prisoner litigant with three prior strikes is not entitled to the pauper privileges generally provided by § 1915 and, more specifically, may not use the periodic payment procedure set forth in § 1915(b)." *Id.* at 381. The Sixth Circuit concluded that "the district court properly applied the three-strikes provision in this action by assessing the full filing fee against the petitioner and giving him 30 days in which to pay the fee before dismissing the action." *Id.* at 382. *See also Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir.2002) ("Requiring persons who have abused the *forma pauperis* privilege in the past to pay in the future is a sensible and modest step.") (citations omitted). Where, as here, the plaintiff admittedly has filed more than three cases that were dismissed as frivolous, malicious, or for failure to state a claim, he has exceeded the three-strikes rule and the BOP correctly extracted court filing fees and costs from his prison account, in those subsequently-filed actions. The government had the right to extract the payments and did not breach any contract with the plaintiff.

### III. Requiring the Plaintiff to Pay Court Filing Fees Does Not Amount to a Fifth Amendment Taking

■ The plaintiff argues, in the alternative, that extraction of fees and costs from his prison account amounted to an unauthorized taking by the government. Again, the plaintiff's taking claim is based on his mistaken belief that he was entitled to file cases after he met the three-strikes rule, *in forma pauperis*, and without any obligation to pay filing fees. The plaintiff argues that he suffered a taking because "[t]he money exacted

from inmate prison trust fund account eventually is deposited in government's coffer." Pl.'s Request to Deny Def.'s Reply Br. at 3. The plaintiff contends that 31 U.S.C. § 1322(b)(2)[3] is a money-mandating statute that authorizes compensation for his taking.

The government argues that the plaintiff's takings claim must be dismissed on the ground that the plaintiff has failed to demonstrate the taking of any protected property interest. The government also argues that the plaintiff expressly or impliedly authorized the withdrawals of funds from his account.

The court agrees that the extraction of filing fees from prisoner accounts does not amount to a taking. Because the government has the right to require the plaintiff to pay court filing fees, the plaintiff has failed to state a takings claim. It is well-settled that the government may require fees for public use of certain services without causing a taking. "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services. 'A government body has an obvious interest in making those who specifically benefit from its services pay the cost ....'" *United States v. Sperry*, 493 U.S. 52, 63, 110 S.Ct. 387, 107 L.Ed.2d 290 (1989) (quoting *Massachusetts v. United States*, 435 U.S. 444, 462, 98 S.Ct. 1153, 55 L.Ed.2d 403 (1978)). Court filing fees are legitimate "user fees."

As shown above, the PLRA eliminates a prisoner's right to file *in forma pauperis* after he has met the three-strikes rule. Thus, the plaintiff was obligated to pay court filing fees. The obligation to pay court filing fees does not give rise to a Fifth Amendment taking.[4] Accordingly, the BOP did not take the plaintiff's property when it extracted money from his prisoner account to pay the filing fees in actions filed by the plaintiff after he had met the prerequisites of the

three-strikes rule under the PLRA. The plaintiff's takings claim must therefore be dismissed.

### CONCLUSION

For all of these reasons, the government's motion to dismiss for failure to exhaust administrative remedies is **DENIED** and the government's motion to dismiss for failure to state a claim is **GRANTED**. The Clerk of the Court is directed to dismiss the plaintiff's complaint. Each party shall bear its own costs.

**IT IS SO ORDERED.**

---

3. 31 U.S.C. § 1322(b)(2) (2004) states: "[N]ecessary amounts are appropriated to the Secretary of the Treasury to make payments from ... the United States Government account 'Refund of Moneys Erroneously Received and Covered' and other collections erroneously deposited that are not properly chargeable to another appropriation."

4. Indeed, in other contexts it is recognized that requiring prisoners to pay filing fees after they have had three other cases dismissed, does not violate any constitutionally-protected due process right. *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 141 L.Ed.2d 787 (1998); *Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir.1997), *cert. denied*, 522 U.S. 874, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997); *Carson v. Johnson*, 112 F.3d 818 (5th Cir.1997).