OPINION
PER CURIAM.
Arthur Hairston, a federal prisoner proceeding pro se, appeals the District Court’s order denying his motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and administratively terminating his civil action. We have jurisdiction under 28 U.S.C. § 1291, and review *717 the District Court’s order for an abuse of discretion. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir.2003). We will affirm.
On March 17, 2008, Hairston filed a complaint (which, we note, is properly considered as one brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) in the United States District Court for the District of New Jersey, alleging that prison officials were deliberately indifferent to his medical needs. The District Court issued a Memorandum Order on April 10, 2008, directing that the case be administratively terminated without the complaint being filed or the filing fee assessed. The Clerk was instructed to send Hairston a form in forma pauperis application. Hairston was instructed that if he wished to reopen the case, he was to notify the court in writing within thirty days and to include either a completed in forma pauperis application or the appropriate filing fee. Hairston responded in a timely manner with the filing of an in forma paupens affidavit. Hairston, however, refused to sign the affidavit and the accompanying account certification form, instead noting that he “will never enter into another extortion contract with the B.O.P. and the federal government.”
The District Court entered an order on April 30, 2008, denying Hairston’s in for-ma paupens motion and instructing him, for a second time, to notify the court and submit a completed application or the filing fees within thirty days if he wished to reopen the proceedings. The court specifically directed Hairston to file a signed affidavit and to provide a six month account statement should he wish to proceed in forma pauperis. While Hairston submitted a timely in forma paupens motion, he once again refused to provide authorization for the withdrawal of funds or to provide an updated account statement. Given Hairston’s continued refusal to comply with the District Court’s directive, a third order was issued on September 10, 2008, denying Hairston’s latest in forma pauperis application and ordering that the case remain closed. A timely appeal to this Court followed.
As directed by the case opening letter from this Court’s Clerk’s Office, Hairston sought leave to proceed informa pauperis on appeal. However, as in the District Court, Hairston failed to provide the specific financial information requested on the form and refused to authorize the withdrawal of funds from his prison account. In a Clerk’s Order issued on October 23, 2008, Hairston was advised, inter alia, that his in forma pauperis motion would be held in abeyance pending submission of additional documents. Much like his actions in the District Court, Hairston submitted the requested documents but refused to include the financial information requested, refused to sign the addendum and refused to authorize the withdrawal of funds from his prison account to pay the appellate fees which would be assessed against him. Accordingly, the Clerk issued an order on December 1, 2008, construing Hairston’s statements as a challenge to the assessment of the filing fee and referring his in forma pauperis motion to a panel of the Court.
We issued an order on March 5, 2009, denying Hairston’s challenge to the assessment of the appellate filing and docketing fees. In that order, we noted that a prisoner’s legal obligation to pay such fees is incurred by the filing of the notice of appeal in forma pauperis. See 28 U.S.C. § 1915(b)(1); see also Hall v. Stone, 170 F.3d 706, 707 (7th Cir.1999), quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir.1997) (“Whether [the prisoner] authorized the prison to disburse the money is neither here nor there. How much a prisoner owes, and how it will be collected, is *718 determined entirely by the statute and is outside the prisoner’s (and the prison’s) control once the prisoner files the complaint or notice of appeal.”). Accordingly, we held Hairston’s in forma pauperis motion in abeyance, afforded him an opportunity to withdraw the appeal, and warned him that, if a motion to withdraw the appeal were not filed, the Clerk would be directed to enter an appropriate order regarding assessment of the fees and the merits of the appeal would be considered. Hairston has not sought to withdraw the appeal, the appropriate assessments have been made, and this appeal is now ripe for disposition.
Upon careful review of the record, we conclude that the District Court did not abuse its discretion in administratively terminating Hairston’s civil action and ordering that the case remain closed. Arguably, the documents submitted by Hairston were sufficient to allow the District Court to evaluate his indigency status, and Hair-ston’s legal obligation to pay the filing fee was incurred by the initiation of the action itself. See Hall v. Stone, 170 F.3d at 707. However, we do not hesitate to conclude that Hairston’s conduct amounts to a willful failure to respond to the order issued by the District Court on two separate occasions, and “evidences an intent to flout the District Court’s instructions” on proper compliance with the provisions of 28 U.S.C. § 1915. Redmond v. Gill, 352 F.3d at 803.
Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.