CLD-342                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3996
_____

CHRISTOPHER IWANICKI,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SECRETARY
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SUSAN HUESTON; DEB
ALFORD; SCI MERCER; BRIAN THOMPSON; A. SHIOCK; JAMES OPPMAN;
CAPT. WHITE; LT. BYERS; JOHN DOE, Hearing Examiner
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2-12-cv-01698)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 14, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 26, 2014)
_____

OPINION
_____

PER CURIAM

        Christopher Iwanicki, a state prisoner proceeding pro se, appeals from the District

Court's order dismissing his complaint. We will affirm.

Iwanicki was incarcerated at the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer") when the events occurred that gave rise to his civil action. While working as a legal aide in the prison law library, Iwanicki used a library computer to write to Deb Alvord,[1] a paralegal in the Office of Chief Counsel for the Department of Corrections, complaining about certain library policies at SCI-Mercer. He used an inter-library loan envelope to mail the letter. Iwanicki did this without authorization.[2]

According to Iwanicki, his letter was wrongfully retrieved by a prison staff member, and he was suspended from his job pending investigation. He was subsequently charged with: (1) refusing to obey an order,[3] (2) unauthorized use of the mail or telephone, (3) lying to staff, and (4) theft of services. He was found guilty of the charged misconduct after a disciplinary hearing. Sanctions were imposed, which Iwanicki identified as a reprimand, the loss of his job, and an assessment for one envelope. Iwanicki filed grievances regarding the matter, which apparently were denied.

Iwanicki then filed suit under 42 U.S.C. § 1983, primarily alleging that the Defendants retaliated against him for trying to exercise his rights of free speech and access to the courts. The Defendants moved to dismiss the complaint for failure to state a

---

[1] Iwanicki incorrectly refers to Defendant Alvord as "Alford."

[2] Iwanicki maintains that the prison librarian was aware of his actions, but a misconduct report notes that he mailed the letter without her knowledge.

[3] It appears that Iwanicki was informed when hired that he could not access the library computers for personal use. On appeal, he maintains that his actions were authorized by a Department of Corrections policy, but he fails to identify any provision that permits personal use of a library computer.

claim.  After the parties consented to proceed before a United States Magistrate Judge, the motion to dismiss was granted.  In addition to concluding that the claims were subject to dismissal for various reasons, the Magistrate Judge also noted that Iwanicki had refused the opportunity to amend his complaint, and that, in any event, amendment would be futile.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the decision to grant the motions to dismiss.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  When considering a motion to dismiss a complaint, a court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  We may affirm on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To establish liability under 42 U.S.C. § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor."  Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009).  We agree that dismissal of the claims was appropriate as to Defendants Wetzel, Hueston, Thompson, White, Alvord, Department of Corrections, and SCI-Mercer for substantially the reasons given by the Magistrate Judge.[4]

_____

[4] The Magistrate Judge dismissed the claims against the individual defendants because Iwanicki failed to allege sufficient personal involvement to establish liability under section 1983. Iwanicki's basic claim was that disciplinary proceedings were brought in retaliation for his letter. His sole allegation against Wetzel (Secretary of the Department of Corrections), Thompson (Superintendent of SCI-Mercer), Hueston (former Chief Counsel for the Department), and Alvord (paralegal for the Department) was that they were notified of the grievances he filed regarding the retaliation.  But mere notification of a grievance does not allege sufficient personal involvement because it does not establish that the Defendants personally directed or acquiesced in the retaliation.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  To the

3

The claims regarding the other Defendants require fuller discussion.

The remaining Defendants are SCI-Mercer staff involved in the investigation, the disciplinary proceedings, and the grievance review process. Iwanicki alleged that Principal Oppman violated 18 U.S.C. § 1702 (obstruction of correspondence) and 18 U.S.C. § 1708 (theft or receipt of stolen mail) by "retrieving" the letter he sent to the Office of Chief Counsel. This claim is undermined by Iwanicki's exhibits: (1) the misconduct report indicates that he used the institutional mail system instead of the United States Postal Service ("USPS") to mail his letter, and (2) a letter from the USPS shows that he was informed that mail service within a prison does not fall under the authority of the USPS. Iwanicki thus failed to state a claim for violation of federal law concerning the mail because he did not use the mail. To the extent that the complaint can be read to make a free speech claim based on the right to use the mail, and to the extent the right can be asserted under the circumstances here,[5] a single instance of interference

_____

extent that Iwanicki was relying on the supervisory role of most of these Defendants – including Captain White, whose alleged approval of the investigation and misconduct report appears to rest only on the fact that the misconduct report had to be reviewed and signed by the ranking correctional officer on duty – a theory of respondeat superior is not sufficient for liability under section 1983. Id. at 1207. Finally, the Magistrate Judge appropriately dismissed the claims against the Department and SCI-Mercer. The claims are barred by the Eleventh Amendment because Congress has not abrogated the States' immunity from section 1983 claims, Quern v. Jordan, 440 U.S. 332, 345 (1979), and Pennsylvania has not consented to suit in federal court. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Furthermore, the Department and SCI-Mercer are not "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).

[5] A prisoner's right to use the mail is usually discussed in terms of personal mail to and from those outside the prison system. See, e.g., Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). In contrast, Iwanicki used an inter-library loan envelope to send the letter through institutional mail. This implies that there was no outward indication, by design, that the letter was personal or legal inmate correspondence.

4

with mail is usually insufficient to constitute a First Amendment violation, and Iwanicki has alleged nothing that suggests that this general principle should not apply here. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

Iwanicki also claimed that Oppman started the investigation in retaliation for Iwanicki's exercising his right to free speech and access to the court. For a retaliation claim, a prisoner must show that: (1) he engaged in a constitutionally protected activity, (2) he suffered adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) the protected activity was a substantial or motivating factor in the official's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (quoting Allah, 229 F.3d at 225). As we previously noted, it is questionable whether the correspondence at issue here is constitutionally protected. Nevertheless, it is clear that Iwanicki failed to show that the fact that he tried to complain about library policies was a substantial or motivating factor behind the investigation. His allegation that it was is merely conclusory. Moreover, he undermined this conclusory allegation by stating in his complaint that the investigation was started "for security rationale [sic]." In addition, the misconduct report indicated that Iwanicki admitted to using the library computer and institutional mail without the librarian's knowledge. As a result of the investigation, Iwanicki was charged with unauthorized use of the mail and refusing to obey an order, not with any misconduct related to the substance of his intercepted letter. In light of the sparse nature of the allegation against Oppman, which is undercut by another statement in

the complaint and by the misconduct report, we conclude that Iwanicki did not present sufficient factual matter to plausibly show that the decision to investigate him for possible infractions was pretextual. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (second alteration in original) (quoting Twombly, 550 U.S. at 557).[6]

Iwanicki's allegation against Lieutenant Byers is limited to complaining that Byers took longer to complete the investigation and misconduct report than allowed by regulations. The Magistrate Judge concluded that Iwanicki failed to state a claim because Byers complied with applicable regulations by explaining the reason for the delay. We note that the claim must be dismissed because it is based on state law, not on the Constitution or federal law as required by section 1983. See Kach, 589 F.3d at 646.

Turning to the disciplinary proceedings, Iwanicki claimed that the Hearing Examiner violated his constitutional rights by convening an unlawful criminal tribunal and forcing him to enter a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). He also alleged that he was denied equal protection of the law and that the disciplinary proceedings were conducted in violation of "Administrative Practice/Procedure Law and any Pa. D.O.C. Policy." It is well-established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

---

[6] Iwanicki's retaliation claims concerning the decision to charge him with misconduct and the finding of guilt are subject to dismissal for the same reason: it is questionable whether he was engaged in constitutionally protected conduct and he failed to do more than allege that any such conduct was a motivating factor for the proceedings.

6

U.S. 539, 556 (1974). Accordingly, Iwanicki failed to state a claim insofar as he challenged the nature of the disciplinary proceedings or his guilty plea. As for the equal protection claim, we agree with the Magistrate Judge that it was not sufficiently pled because Iwanicki made no allegation that he received treatment different from that received by similarly situated individuals. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 244-45 (3d Cir. 2008) (to state an equal protection claim, a plaintiff must allege that he was treated differently from others similarly situated; "general accusations and the invocation of the Equal Protection Clause are not enough.")

The Magistrate Judge liberally construed Iwanicki's allegation regarding the conduct of the proceedings as a procedural due process claim. In general, to prevail on such a claim, a plaintiff must show the deprivation of a protected liberty or property interest that occurred without due process of law. See Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Prisoners typically have a protected liberty interest only in "freedom from restraint" that "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). State regulations do not create a liberty interest unless they confer a right to freedom from restraint as described in Sandin. See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997). Because Iwanicki relies on unspecified "administrative law" and prison policies, he has failed to meet the threshold requirement of alleging a protected liberty interest. Nonetheless, to the extent he challenges the sanctions imposed as a result of an allegedly fraudulent misconduct report, we agree with the Magistrate Judge that the allegations fall short of stating a due process violation. We have held that an allegedly fraudulent

misconduct report and the related sanction of disciplinary confinement for seven months did not violate a protected liberty interest where there was no evidence that the proceedings were instituted solely in retaliation for the exercise of a constitutional right. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, Iwanicki failed to state a claim for retaliation, and the sanctions he alleged were imposed upon him after the hearing – loss of his prison job,[7] a reprimand, and assessment for one envelope – do not rise to the level of an atypical or significant hardship. Accordingly, the due process claim against the Hearing Examiner was properly dismissed.

Turning to grievance review, Iwanicki alleged that Defendant Shiock improperly rejected a grievance and "obstructed [him] from contact with appropriate Federal/State authorities to report criminal violations at law." To put the allegations in context, Iwanicki filed a grievance with Shiock complaining that "unknown persons" took his mail for the "private use" of starting disciplinary proceedings against him. He requested contact with federal and state officials to file a criminal complaint. He did not state how the grievance was resolved, but he included with the complaint a subsequent "Inmate's Request to Staff Member" in which he accused Shiock of "obstructing contact with law enforcement to report criminal conduct" at the behest of the "party to this conduct." Shiock responded by advising Iwanicki that his request needed to be submitted in the proper format if it was meant to appeal the handling of his grievance.

The Magistrate Judge dismissed the claim because prisoners do not have a

---

[7] As the Magistrate Judge noted, there is no independent liberty or property interest in a prison job. See James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989).

constitutional right to prison grievance procedures.  See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases).  We agree.  Violations of grievance procedures do not give rise to a cognizable claim under section 1983.  See Hoover v. Watson, 886 F. Supp. 410, 418-19 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995).  To the extent that Iwanicki claimed that Shiock's alleged mishandling of his grievance was part of the institutional retaliation for his letter to the Office of Chief Counsel, the claim is also subject to dismissal.  As noted, it is questionable whether Iwanicki was engaged in constitutionally protected activity.  Moreover, Iwanicki failed to plead anything suggesting that the mishandling of his grievance was sufficiently adverse to deter him from exercising his rights.  See Rauser, 241 F.3d at 333.  As for his claim that Shiock "obstructed" him from contacting government officials to report criminal activity, we agree with the Magistrate Judge that he did not allege any facts suggesting that Shiock prevented him from making such contact.  He merely presented an accusation. Accordingly, the complaint did not state a plausible claim for relief.  See Iqbal, 556 U.S. at 678 (noting that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")

Finally, Iwanicki alleged that the Defendants violated his Eighth Amendment rights by terminating his prison job, changing his custody level, and denying him parole. We agree with the Magistrate Judge that Iwanicki failed to state a claim because the complaint is devoid of any detail or supporting facts regarding his custody status or any parole decisions.  Furthermore, the loss of the prison job does not state a claim under the Eighth Amendment because it does not constitute a viable assertion of unnecessary and

wanton infliction of pain devoid of penological justification. See Hope v. Pelzer, 536 U.S. 730, 737 (2002).

In his notice of appeal, Iwanicki makes the general argument that the Magistrate Judge used the wrong legal standards and an incorrect view of the facts to dismiss his complaint. Our opinion describes the legal basis for affirming the Magistrate Judge's decision. However, one of Iwanicki's assertions warrants additional comment. He claims that the Magistrate Judge erroneously based her decision on " a non-existent amended complaint." This is simply not true. The opinion below explained that the amended complaint was not considered because Iwanicki represented to the court that he did not want it to be construed as such and sought to withdraw it. Iwanicki's express disavowal of any intention to amend his complaint further supports the Magistrate Judge's dismissal without leave to amend.

Also before us is Iwanicki's "Petition for Emergency Injunction with Immediate Financial Ability to Pay Hearing Under Due Process." Iwanicki sought and was granted leave to proceed in forma pauperis on appeal. Nevertheless, he now challenges the Clerk's order requiring him to pay the full appellate filing and docketing fees. He argues that he is being "taxed twice' under the in forma pauperis statute, 28 U.S.C. § 1915, when he is only obligated to pay the fee once in the District Court. He is wrong. The statute "plainly requires a prisoner to pay the fees if he 'brings a civil action or *files an appeal* . . . .'" Porter v. Dep't of Treasury, 564 F.3d 176, 180 (3d Cir. 2009) (quoting 28 U.S.C. § 1915(b)(1)). A prisoner's legal obligation to pay the fee is incurred by the filing of the notice of appeal in forma pauperis. See Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999).

We have no authority to waive the appellate filing fee, and in forma pauperis status does not result in a waiver of the fee.  See Porter, 564 F.3d at 180.  Instead, it allows the prisoner to pay the fee in installments when he has accrued sufficient funds in his prison account.  Id.

For the foregoing reasons, we will summarily affirm the Magistrate Judge's order dismissing Iwanicki's complaint and we will deny his petition for a hearing regarding his ability to pay the appellate filing fee.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.