

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# In Re: Gidget Mock

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Gidget Mock " (2007). *2007 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-20**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2891
_____

IN RE: GIDGET M. MOCK

GIDGET M. MOCK,
                                        Appellant

v.

NORTHHAMPTON COUNTY; SHERIFF HAWBECKER
DEPUTY SHERIFF JEREMY McCLYMONT;
SHERIFF SHIC; EUGENE FRITZINGER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-01722)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2007

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed November 1, 2007)
_____

OPINION
_____

PER CURIAM

Gidget M. Mock appeals pro se the order of the United States District Court for the

Eastern District of Pennsylvania denying her motion for leave to proceed in forma pauperis ("IFP"). For the reasons that follow, we will summarily affirm.

In March 2006, the United States Bankruptcy Court for the Eastern District of Pennsylvania granted the Chapter 13 Trustee's motion to dismiss Mock's bankruptcy petition because she unreasonably delayed prosecution, see 11 U.S.C. § 1307(c)(1), and failed to make timely plan payments, see 11 U.S.C. § 1307(c)(4). At the same time, the Bankruptcy Court dismissed as moot a related adversary proceeding. Mock appealed.

The District Court dismissed the case for failure to comply with Federal Rule of Bankruptcy Procedure 8006, which requires an appellant to designate both the items to be included in the record and the issues to be presented on appeal. Mock filed a motion for reconsideration, which the District Court denied. Next, in conjunction with the filing of another IFP application, Mock asked the District Court to grant a petition for a writ of mandamus compelling the Bankruptcy Court to reopen the adversary proceedings. The District Court denied the IFP application without explanation. Mock appealed, arguing that she financially qualifies for IFP status.

We have jurisdiction pursuant to 28 U. S. C. § 1291, see Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001), and we review the District Court's denial of IFP status for an abuse of discretion, see Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). In this Circuit, IFP determinations are made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). We have, however, left open the possibility that

2

"'extreme circumstances' might justify denying an otherwise [financially] qualified affiant leave to proceed [IFP]," although "we have not delineated the circumstances that might be sufficiently 'extreme' to justify denial[.]" Id. at 1084 n.1. The decision to grant IFP status turns on whether an applicant is "economically eligible" for such status. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted). When exercising its discretion to approve or deny a motion to proceed IFP, a District Court "must be rigorous . . . to ensure that the treasury is not unduly imposed upon." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). At the same time, however, the court must remember that the purpose of the IFP statute "is to provide an entré, not a barrier, to the indigent seeking relief in federal court." Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975). Indeed, the Supreme Court has held that a plaintiff need not "be absolutely destitute" or "contribute to payment of costs, the last dollar they have or can get" to enjoy the benefit of IFP status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948). To require complete destitution would prevent meritorious suits from being brought, frustrating the IFP statute. Id. at 340.

Unfortunately, the District Court's failure to provide any explanation of its rationale for denying IFP status prevents us from determining the basis on which it exercised its discretion. The District Court may, for example, have determined that Mock is financially ineligible for IFP status.[1] Alternatively, the District Court may have

---

[1] We note that such a determination in itself would be an abuse of discretion. Mock has filed for bankruptcy. In her IFP application, Mock swore under penalty of perjury

3

believed that some other factor constituted an "exceptional circumstance" warranting the denial of IFP status for non-financial reasons. We also cannot exclude the possibility that the District Court denied IFP status for some other reason. Under these circumstances, the District Court's ruling may represent an abuse of discretion.

Notwithstanding, we cannot perceive how Mock has been prejudiced. She has not been prevented from asserting her claims; rather, her claims were considered by the District Court but rejected because she failed to comply with Bankruptcy Rule 8006. Moreover, despite the denial of the IFP application, the case has seemingly proceeded in the District Court without impediment. For instance, the District Court accepted and adjudicated Mock's "Emergency Motion to Appeal by Permission." In addition, the District Court recently consolidated with the instant case three separate bankruptcy appeals filed by Mock.

At most, the denial of IFP status precluded the District Court from adjudicating Mock's petition for a writ of mandamus. It is clear, however, that Mock is not entitled to such a drastic remedy. In the mandamus petition, Mock essentially sought to circumvent the District Court's dismissal of her complaint and the denial of her motion for reconsideration. There is, however, an adequate means of challenging those determinations, namely, an appeal to this Court. See In re Diet Drugs Prods. Liab. Litig.,

that her estimated income for 2007 is $15,360, that she has $100 in a checking account, and no savings. The District Court's filing fee is $250. Under these facts, Mock is clearly financially qualified for IFP status.

4

418 F.3d 372, 378-79 (3d Cir. 2005) (holding that a mandamus petitioner must establish, *inter alia*, that she has "no other adequate means" to obtain relief). Indeed, mandamus cannot be used as a substitute for appeal. <u>See</u>, <u>e.g.</u>, <u>id.</u> at 372.

For these reasons, we conclude that his appeal presents us with no substantial question. <u>See</u> L.A.R. 27.4. Accordingly, we will summarily affirm the District Court's order. <u>See</u> <u>Fairview Township v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985) (holding that this Court may affirm on any basis supported by the record).