

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Gidget Mock v. Northampton Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2463

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Gidget Mock v. Northampton Cty" (2009). *2009 Decisions.* Paper 1749.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1749

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-90                                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2463
_____

GIDGET MOCK,
                                                    Appellant

v.

NORTHAMPTON COUNTY, ET AL.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-00183)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2009

Before: MCKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 12, 2009)
_____

OPINION
_____

PER CURIAM

        Gidget Mock appeals pro se from the order of the United States District Court for

the Eastern District of Pennsylvania denying her motion for leave to proceed in forma

pauperis ("IFP").  We will vacate the District Court's order and remand for further

proceedings.

On January 10, 2008, Mock submitted her IFP application to the District Court. In her affidavit, she stated that her monthly wages totaled $1,020.00, that she had $100.00 in a checking or savings account, and that she owned a 2000 Toyota valued at $11,500.00. In addition, she has three children who depend upon her for support. By order entered April 14, 2008, the District Court denied the motion without explanation.[1] Mock appealed, arguing that the District Court erred because she financially qualifies for IFP status. Mock has been granted leave to proceed in forma pauperis on appeal.

We have jurisdiction under 28 § U.S.C. 1291, see Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003), and we review the District Court's ruling for abuse of discretion, see United States v. Holiday, 436 F.2d 1079, 1079 (3d Cir. 1971). IFP determinations generally are made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). Although we have noted that "extreme circumstances" might justify denying IFP status to an otherwise financially qualified applicant, we have not had occasion to define the circumstances for which such action would be appropriate. Id.

---

[1] Six weeks after entry of this order and three weeks after Mock filed her notice of appeal, the District Court consolidated this case with several that Mock had filed appealing from a Bankruptcy Court order or orders. We have considered whether the consolidation order effectively permitted Mock to proceed with the claims raised in this case. As the record does not include Mock's complaint, and the docket prepared by the District Court in this matter describes Mock's cause of action as arising under 42 U.S.C. § 1983, we cannot say that the consolidation order permitted Mock to assert the claims raised in this case.

2

Here, the District Court did not explain why it denied Mock's IFP application. Based on the financial information contained in the application, she appears eligible for IFP status. If the District Court believed that some other factor constituted an "extreme circumstance" warranting the denial of IFP status for non-financial reasons, the District Court should have provided that explanation in the order that denied Mock's IFP motion. On the record before us, we must conclude that the District Court's determination constitutes an abuse of discretion.

Accordingly, we will summarily vacate the District Court's order, and remand this matter for further proceedings consistent with this opinion.