**ELD-013**                                                        **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 09-4215

_____

IN RE: GIDGET MOCK,

Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 06-cv-01722; 06-cv-01724; 07-cv-01605; 07-cv-02052)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted pursuant to Rule 21, Fed. R. App. P.
December 3, 2009

Before: BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed:  August 19, 2010)

_____

OPINION

_____

PER CURIAM

Petitioner Gidget Mock seeks a writ of mandamus directing the United States

District Court for the Eastern District of Pennsylvania to consolidate and remand several

cases to the United States Bankruptcy Court.

The procedural history underlying this petition is confusing at best.  From what we

can discern, in March 2006 the United States Bankruptcy Court for the Eastern District of

Pennsylvania dismissed Mock's bankruptcy petition and dismissed as moot a related adversary proceeding. Additionally, Mock claims that, in April 2007, the Bankruptcy Court denied her request to proceed in forma pauperis ("IFP").

Mock's Bankruptcy Court proceedings led to several appeals and causes of action filed in the District Court. See 28 U.S.C.A. § 158 (stating that district courts have jurisdiction to hear appeals from certain bankruptcy court judgments and orders). The District Court, on July 16, 2007, issued an order under Civ. No. 06-cv-1722 consolidating the following cases: Civ. Nos. 06-cv-1724, 07-cv-1605, and 07-cv-2052. Mock continued to file additional causes of action and appeals and, on May 27, 2008, the District Court issued an order under Civ. No. 07-cv-1605 (which had already been consolidated under Civ. No. 06-1722) consolidating the following cases: Civ. Nos. 07-cv-2052, 07-cv-2873, 07-cv-3269, 07-cv-4682, 07-cv-5557, and 08-cv-0183.[1]

Then, on October 10, 2008, the District Court issued an order in Civ. No. 07-cv-1605: (1) dismissing Mock's motion for reconsideration in Civ. No. 08-cv-0183 as moot; (2) denying with prejudice Mock's IFP motion in Civ. No. 07-cv-4682; and (3) denying with prejudice Mock's appeals under Civ. Nos. 07-cv-1605, 07-cv-2052, 07-cv-2873, 07-cv-3269, and 07-cv-4682.[2]

_____

[1] The May 2008 order appears to have created two levels of consolidation, as, although Civ. No. 07-cv-1605 had already been consolidated under Civ. No. 06-cv-1722, the District Court then consolidated several additional cases under it.

[2] We note that the District Court, on April 14, 2008, had denied Mock's applications for IFP in Civ. Nos. 08-cv-0183 and 07-cv-5557. Although the District Court subsequently consolidated these cases under Civ. No. 07-cv-1605, it appears that it

In March 2009, Mock filed a Motion for Clarification under Civ. No. 07-cv-1622. She sought information concerning the status of Civ. Nos. 06-cv-1722, 06-cv-1724, 07-cv-1605, 07-cv-2052, 07-cv-5557, as well as a petition for writ of mandamus that she purportedly filed in the District Court. On October 14, 2009, the District Court denied the motion as moot.

Soon thereafter, Mock filed the current petition for a writ of mandamus. She claims that the Bankruptcy Court and the District Court violated her due process rights by denying of her applications for IFP status, asserts that the cases consolidated in July 2007 "remain dormant due to IFP issue," and claims that the District Court's October 14, 2009 order violated her due process rights. She requests that this Court order the District Court to consolidate her cases and remand them to Bankruptcy Court for adjudication.

---

considered these cases closed due to its denial of Mock's IFP applications—as the October 10, 2008 order did not dismiss these cases. Mock appealed from the April 14, 2008 order denying her IFP application in Civ. No. 08-cv-0183. We summarily vacated the order and remanded the case for further proceedings. See Mock v. Northampton County, C.A. No. 08-2463, 316 F. App'x 86 (3d Cir. Mar. 12, 2009). The District Court has yet to act on remand.

Additionally, as to Civ. Nos. 06-cv-1722 and 06-cv-1724, it appears that the District Court also considers these cases closed. Nevertheless, in Mock's appeal from the District Court's denial of her IFP application in Civ. No. 06-cv-1722, we stated that she was not prejudiced by the denial of IFP because "despite the denial of the IFP application, the case has seemingly proceeded in the District Court without impediment," and as an example of the ongoing nature of the case, noted that the District Court had "consolidated with the instant case three separate bankruptcy appeals." See In re Mock, C.A. No. 07-2891, 252 F. App'x 522, 524 (3d Cir. Nov. 1, 2007). Until Mock filed a motion for clarification in March 2009, no activity had taken place in Civ. Nos. 06-cv-1722 or in 06-cv-1724 since the July 2007 consolidation order. Although the District Court denied Mock's March 2009 motion as moot, the status of these cases remains unclear.

Mandamus is a drastic remedy available only in the most extraordinary situations. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). As preconditions to the issuance of the writ, the petitioner must establish that the writ will not be used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the relief desired, and that the right to the relief sought is "clear and indisputable." Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). Mock's petition does not meet these requirements.

First, a District Court has broad discretion to determine whether to consolidate cases, see Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989), and Mock has made no showing that the District Court has abused its discretion by not consolidating all of her cases and appeals. Additionally, she has not demonstrated a clear and indisputable right to a remand to Bankruptcy Court. That her appeals to the District Court may have been decided adversely to her does not mean that the decisions were improper or that she did not receive due process, as she alleges. It appears that she merely seeks to circumvent the District Court's dismissal of several of her appeals and complaints by filing petition for a writ of mandamus rather than appealing from these decisions. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 379 (3d Cir. 2005) (stating that mandamus cannot be used as a substitute for appeal).

We will deny the petition for writ of mandamus.