

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2003

# Redmond v. Gill

Precedential or Non-Precedential: Precedential

Docket No. 03-1806

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Redmond v. Gill" (2003). *2003 Decisions.* Paper 12.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/12

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 11, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-1806 and 03-1807

———————

MICHAEL A. REDMOND,

Appellant in No. 03-1806

v.

WARDEN JEFF GILL, as Employees of Mercer Co. Prison;
CORRECTION OFFICER TERRY RAINES; JAMES
EPSTEIN, Mercer Co. District Attorney; CORRECTION
OFFICER PHILIP HARTSOCK; GENE BRENNEMAN, Mercer
Co. Commissioner

MICHAEL A. REDMOND,

Appellant in No. 03-1807

v.

WARDEN JEFF GILL, As Employed by the Mercer Co.
Prison; SGT. DOYLE WHENRY; JAMES P. EPSTEIN,
Mercer Co. District Attorney; GENE BRENNEMAN, Mercer
Co. Commissioner

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. Nos. 02-02111 and 02-02112)
District Judge: Honorable Arthur J. Schwab

———————

Submitted For Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) or Summary Action Under Third Circuit
LAR 27.4 and I.O.P. 10.6
September 25, 2003

Before: SLOVITER, MCKEE AND SMITH, *CIRCUIT JUDGES*

(Filed: December 11, 2003)

## **OPINION OF THE COURT**

PER CURIAM:

On December 9, 2002, Michael A. Redmond, a pro se litigant presently incarcerated at Mercer County Prison, in Mercer, Pennsylvania, filed a § 1983 action accompanied by an application for leave to proceed in forma pauperis (IFP).[1] By order entered December 30, 2002, the District Court granted IFP status and directed Redmond to sign either an authorization form allowing the prison to deduct payments from his account or a form stating he had chosen to withdraw the action. Redmond did neither, within the twenty-day period provided by the Court. As a result, the District Court dismissed Redmond's complaint without prejudice, noting that he was permitted to re-file within the applicable limitations period by paying the full filing fee of $150.00. Redmond filed a notice of appeal with this Court.

Redmond was advised that the appeal would be considered for possible dismissal due to a jurisdictional defect. Ordinarily, an order that dismisses a complaint or denies an in forma pauperis motion without prejudice is neither final nor appealable. *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976). Here, the District Court granted Redmond's motion to proceed in forma pauperis but then dismissed his complaint without prejudice because he did not comply with the procedural requirements set forth in the court's order granting IFP status. If that order had provided Redmond an opportunity to comply with those requirements and have his motion reconsidered, so that he could cure the defect, we would not have jurisdiction under *Borelli*. However, the District Court did not allow Redmond to cure the defect in his filing. Rather, it allowed Redmond to proceed with this

---

1. We have consolidated the appeal at No. 03-1806 with the appeal at No. 03-1807 because they present the very same facts and legal issues.

complaint only by paying the full filing fee. As a result, the order is appealable because it terminated the action and precluded Redmond from proceeding IFP. *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)(order denying motion to proceed IFP is appealable because it has the effect of terminating the action); *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995)(although court did not specify whether § 1915 (d) dismissal was with or without prejudice, order was final and appealable "because an in forma pauperis plaintiff must be afforded appellate review of a determination that he is required to pay all or a portion of the court costs and filing fees to file a claim.").

The District Court dismissed Redmond's complaint solely because of Redmond's failure to supply the appropriate authorization papers within the twenty-day period provided in the Court's December 30, 2002 order. We, therefore, review the District Court's order for an abuse of discretion. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984); *see also, Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (dismissal under § 1915 for lack of prosecution or for failure to obey an order of the court is reviewed for an abuse of discretion).

Although Redmond references the District Court's final order in his notice of appeal, it is not clear on this record whether Redmond received the December 30, 2002 order or, if he did, whether he received the order and requisite authorization form in sufficient time to return the form within twenty days. Redmond did provide the District Court with a change of address while this action was pending; in fact, the District Court's order dismissing the complaint notes his prior address rather than his new address. Under these circumstances, we can not characterize Redmond's conduct as a willful failure to respond to the December 30, 2002 order that evidences an intent to flout the District Court's instructions. Because it is as likely that Redmond did not receive the District Court's order directing him to submit the authorization form, we believe it was an abuse of discretion to dismiss this action as a sanction and to require Redmond to prepay the full filing fee in order to proceed with his civil rights claims against these defendants. Although we have found no case precisely on

point, we agree with the reasoning of those courts of appeals that have required district courts to provide an adequate opportunity for a prisoner to comply with a PLRA fee order prior to dismissing an action for failure to prosecute. *See, e.g., Wilson v. Sargent*, 313 F.3d 1315 (11th Cir. 2002)(before dismissing a complaint for failure to pay an initial partial filing fee, the district court is required to ascertain whether the plaintiff has attempted to comply with the fee order); *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000)(it is an abuse of discretion to dismiss an action for failure to comply with an initial partial filing fee order without making some inquiry regarding whether the prisoner has complied with the order by submitting any required consent forms within the time allowed for compliance).

Accordingly, we will vacate the District Court's February 20, 2003, order and will remand this matter to the District Court for further consideration. *See* 3d Cir. I.O.P. 10.6. On remand, the District Court shall provide Redmond with another copy of the authorization form and allow him additional time to submit the form. Redmond's motion for the appointment of counsel is denied without prejudice to his filing that motion in the District Court.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*