

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Awala v. People Who Want

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3863

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Awala v. People Who Want" (2005). *2005 Decisions*. Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-34                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3863
_____

GBEKE MICHAEL AWALA,
And the People of the
Philadelphia Religious
Community Center, et al,

Appellant
v.

PEOPLE WHO WANT TO RESTRICT OUR FIRST AMENDMENT RIGHTS,
Primarily to Intimidate Rather Than Religious Purposes
Maintenance on Courthouse Grounds of Illuminated Granite
Monolith On Which "Ten Commandments" Were Inscribed Together
With Other Symbols, et al

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 05-cv-3504)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES
(Filed : December 8, 2005)
_____

OPINION
_____

PER CURIAM

Gbeke Michael Awala, who is currently incarcerated at the Federal Detention Center in Philadelphia, appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint.

The District Court dismissed Awala's case for failure either to pay the filing fee or to file a motion seeking permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Ordinarily, such a dismissal is entered without prejudice to refiling upon amendment and would, therefore, be considered "non-final and non-appealable." See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). In this case, however, the District Court's order did not allow Awala to cure the defect in his filing, and he was unable to proceed. Therefore, the District Court's order terminated the proceedings and is appealable. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003). As Awala's notice of appeal was timely, we, consequently, have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Awala has been granted leave to proceed in forma pauperis on appeal.

At the outset, our review of the record indicates that Awala did, apparently, submit a motion to proceed in forma pauperis in the District Court. This motion was typed on the reverse side of the Certificate of Service, which was appended to the last page of Awala's 19-page pleading. Given its obscure location, it is understandable that this document was overlooked by the District Court Clerk. We need not examine this clerical error further, however, as we must dismiss Awala's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Awala's pleading in the District Court, which he titled, "Motion in opposition towards the defendants habitual offenses involving individual rights restriction against establishment of religion despite fact that religious symbol were admissible," is difficult to comprehend, much less classify. It appears that Awala may have intended to file a civil rights action pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a complaint must sufficiently allege a deprivation of a right secured by the constitution. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). While we must accept as true all of the factual allegations in the complaint as well as all reasonable inferences that can be drawn from them, see id., we note that Awala's pleading does not contain any allegations or even identify the defendants. Awala's pleading fails to state any type of claim, at least in the traditional sense, much less a claim which shows "that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). As a result, Awala's complaint failed to state a claim for which relief can be granted, and we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Alternatively, Awala's appeal must be dismissed as "frivolous," see § 1915(e)(2)(B)(i), as his attempt to seek relief lacks an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). A recurring theme in Awala's pleading is his request that the District Court overturn the United States Supreme Court's decision in McCreary County, Ky. v. ACLU, 125 S.Ct. 2722, 2740-41 (2005), which held that two courthouse displays of the Ten Commandments violated the Establishment Clause of the First Amendment. Awala seeks, among other things, to have all of the religious

monuments which have been removed from courthouses "nationwide" replaced. The District Court clearly does not have the authority to overturn any decision by the United States Supreme Court. See, e.g., NAACP v. Med. Ctr., Inc., 657 F.2d 1322, 1330 (3d Cir. 1981). For that matter, Awala's intense disappointment with McCreary's outcome is insufficient to satisfy the standing requirement that a plaintiff show "injury in fact." See Valley Forge Christian Coll. v. Americans United, 454 U.S. 464, 485-87 (1982).

For the foregoing reasons, Awala's appeal will be dismissed.