

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Coley v. Bucks Cty Children

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Coley v. Bucks Cty Children" (2006). *2006 Decisions.* Paper 1302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4660
_____

RUSSELL WYDELL COLEY,

Appellant

v.

BUCKS COUNTY CHILDREN & YOUTH SERVICES AGENCY;
KELLY GAHAN-TAYLOR; JESSICA PIERSON; KATHLEEN
GLEASON, ET AL.; DELTA COMMUNITY SUPPORTS, INC.;
CHRISTINE SIDES, ET AL.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04798)
District Judge: Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: April 6, 2006  )

_____

OPINION

_____

PER CURIAM

Russell Coley appeals the District Court's order dismissing his action with prejudice and denying his motion for counsel as moot. On October 13, 2004, Russell Coley submitted a complaint and filed an application to proceed in forma pauperis. On October 22nd, Coley filed an addendum to his complaint, his prison account statement, and a motion for appointment of counsel. By order entered November 8th, the District Court denied the application to proceed in forma pauperis without prejudice. It stated that Coley may not have been aware when he brought the action that he would have to pay the full filing fee even if the case was dismissed and gave Coley twenty days to file a notice indicating that he wished to proceed and obligate himself to pay the fee. On November 10th, Coley filed an motion for counsel and on November 17th, an affidavit relating to his complaint. On December 2, 2004, the District Court dismissed the action with prejudice. Coley filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

The District Court dismissed Coley's complaint because it found that he failed to file a notice that he wished to proceed within the twenty-day period provided in the November 8, 2004, order. Thus, we review the District Court's order for an abuse of discretion. Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984). "Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-8 (3d

Cir. 1984) (citation omitted).  In Poulis, we set forth six factors to be balanced in deciding

whether to dismiss a case as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.  In determining whether the District Court has abused its

discretion, we examine its balancing of these factors and whether its findings are

supported by the record. Here, the District Court did not address or weigh the Poulis

factors.

With respect to the first Poulis factor, Coley, as a pro se litigant, is wholly

responsible for his failure to file an explicit notice that he wished to proceed.[1]  Because

the defendants had not yet been served with the complaint, it does not appear that they

would be prejudiced in any way.  As the case was in its initial stages, there was no history

of dilatoriness on Coley's part.  An alternative sanction would have been to dismiss the

complaint without prejudice.  We believe that the final factor also weighs in Coley's

---

[1] Coley argues on appeal that the District Court did not realize that his motion for counsel and inmate account certification were indicators that he wished to proceed. While we do not believe that these filings were sufficient compliance with the District Court's order, we also do not consider Coley's conduct to be a "a willful failure to respond to the [] order that evidences an intent to flout the District Court's instructions." Redmond, 352 F.3d at 803.

3

favor because his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> had merit.[2]  Thus, we conclude that the District Court abused its discretion in dismissing the action with prejudice.

We note that the form Coley used for his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> includes language which states "I understand that the granting of in forma pauperis status does not waive payment of the full filing fee." App. at 1.  While we appreciate the District Court wanting to ensure that prisoner litigants are aware that they will have to pay the full filing fee, if the application is complete, the District Court should only consider whether the applicant is economically eligible. <u>Sinwell v. Shapp</u>, 536 F.2d 15, 19 (3d Cir. 1976). Moreover, because the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> was denied and the complaint was never filed, the action should not have been dismissed with prejudice.[3]

For the above reasons, we will vacate the District Court's December 1, 2004 order and remand the matter for further proceedings.  On remand, the District Court should grant Coley's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

---

[2] The District Court did not conclude that Coley was not indigent and proposed an initial partial filing fee.

[3] Because the complaint was never filed, the merit of the claims or the District Court's jurisdiction over them is not relevant to this appeal.