

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2007

# Rodenbaugh v. Cararco

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rodenbaugh v. Cararco" (2007). *2007 Decisions.* Paper 596.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/596

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-329                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2066
_____

DAPHNE RODENBAUGH

Appellant

v.

FRANCES CARARCO

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-02383)
District Judge:  Honorable James M. Munley

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2007

Before:  BARRY, AMBRO and FISHER, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed: August 13, 2007 )
_____

OPINION
_____

PER CURIAM

Daphne Rodenbaugh appeals <u>pro</u> <u>se</u> from the District Court's orders denying her

leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") and dismissing her complaint for failure to pay

the filing fee. We have jurisdiction pursuant to 28 U.S.C. § 1291, see Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003), and review the District Court's rulings for abuse of discretion, see United States v. Holiday, 436 F.2d 1079, 1079 (3d Cir. 1971). Because the District Court's failure to explain the basis for its IFP denial prevents us from conducting that review, we will vacate and remand for further proceedings.

In this Circuit, IFP determinations are made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). We have, however, left open the possibility that "'extreme circumstances' might justify denying an otherwise [financially] qualified affiant leave to proceed [IFP]," although "we have not delineated the circumstances that might be sufficiently 'extreme' to justify denial[.]" Deutsch, 67 F.3d at 1084 n.1.

In this case, Rodenbaugh's IFP affidavit states that her monthly income exceeds her monthly expenses only by approximately $70. It further states that she has approximately $1,800 in three bank accounts (although she later asserted in her motion for reconsideration that $1,600 of that amount is "set aside" for car and car insurance payments). The District Court's filing fee is $350.

The District Court, with no explanation, entered an order denying IFP status and directing Rodenbaugh to pay the filing fee. When Rodenbaugh moved for re-consideration, the District Court denied that motion, again with no explanation why it had

2

denied IFP status. Finally, after Rodenbaugh failed to pay the filing fee by the specified date, the District Court entered its final order dismissing her complaint, once again providing no explanation why it had denied IFP status.

Unfortunately, the District Court's failure to provide any explanation of its rationale for denying IFP status prevents us from determining the basis on which it exercised its discretion. The District Court may, for example, have determined that Rodenbaugh is financially ineligible for IFP status. Alternatively, the District Court may have believed that some other factor constituted an "exceptional circumstance" warranting the denial of IFP status for non-financial reasons. We also cannot exclude the possibility that the District Court denied IFP status for some other reason, and express no opinion on the merits of these or any other issues. We note them merely to point out that the District Court's orders leave us with no way of knowing the basis for its decision.[1]

Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.

---

[1]We also note that Rodenbaugh, as a non-prisoner, is not subject to § 1915(g), and that § 1915(e)(2) sets forth grounds for dismissing a complaint after IFP status has been granted, not for denying IFP status in the first place.

3