

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# Tucker v. Secretary HHS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tucker v. Secretary HHS" (2007). *2007 Decisions.* Paper 466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-342                                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2596
_____

KAREN E. TUCKER,

Appellant

v.

MICHAEL O. LEAVITT
Secretary of Health and Human Services

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 07-cv-02230)
District Judge:  Honorable Robert B. Kugler

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed:  September 6, 2007)

_____

OPINION
_____

PER CURIAM

        Karen E. Tucker appeals <u>pro</u> <u>se</u> from the order of the United States District Court

1

for the District of New Jersey denying her application for leave to proceed with her complaint in forma pauperis ("IFP"), without prepayment of fees, under 28 U.S.C. § 1915. We will reverse the District Court's order and remand for further proceedings.

The procedural history of this matter is straightforward. On May 9, 2007, Tucker submitted her complaint along with her IFP application. In her IFP affidavit, she stated that she was unemployed, but between December 2005 and April 2007, she earned $400.00 in wages. She further stated she had no other sources of income, no cash and no bank accounts, no real estate, and no other items of value. By order entered May 22, 2007, the District Court entered an order denying Tucker's IFP application, directing the Clerk to close the matter and allowing Tucker to pay the $350 filing fee within thirty days to reopen the case. Rather than pay to reopen the case, Tucker filed this appeal. In her notice of appeal she reiterated that she did not earn more than $400 during the seventeen months between December 2005 and April 2007, and that she remains unemployed, has no assets, and has no other sources of income.[1]

We have jurisdiction under 28 U.S.C. § 1291, see Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003), and we review the District Court's ruling for abuse of discretion, see United States v. Holiday, 436 F.2d 1079, 1079 (3d Cir. 1971). IFP determinations are to be made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman

_____

[1] Tucker also completed an application and affidavit of poverty to pursue her appeal with IFP status. This Court granted her IFP application on July 6, 2007.

v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  However, we have noted that "extreme circumstances" might justify denying IFP status to an otherwise financially qualified applicant, although we have not defined the circumstances for which such action would be appropriate.  See Deutsch, 67 F.3d at 1084 n.5.

Here, the District Court denied the IFP application solely because Tucker "earns sufficient income."  Based on the information averred in Tucker's IFP application filed in District Court, we disagree.  There is no indication in the record that the District Court believed that some other factor constituted an "extreme circumstance" warranting the denial of IFP status for non-financial reasons.  We conclude that the District Court's determination constitutes an abuse of discretion.

Accordingly, we will summarily reverse the District Court's judgment and remand for further proceedings consistent with this opinion.  We express no view as to the possible merit of Tucker's claim.