**Warren F. ARSAD, Jr., Appellant**

v.

**Ms. Sandra GERULA, Records Supervisor; Ms. Rebecca Reifer, Grievance Coordinator; Mr. Kenneth Cameron, Superintendent.**

No. 09–3379.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Dismissal Pursuant to
28 U.S.C. § 1915(e)(2) or
Summary Action

Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
Jan. 29, 2010.

Opinion filed: Feb. 19, 2010.

Warren F. Arsad, Jr., Cresson, PA, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Warren Arsad, a state prisoner proceeding pro se, appeals the District Court's order dismissing his complaint for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's order for an abuse of discretion. *See Redmond v. Gill,* 352 F.3d 801, 803 (3d Cir.2003). We will affirm.

On July 15, 2009, Arsad filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania, alleging that prison officials were permitting his "false imprisonment." Rather than remit the appropriate filing fee or submit a motion seeking leave to proceed in forma pauperis, Arsad instead requested that the filing fee be paid from a fund which supposedly exists at the Federal Reserve Bank in his name.

The Magistrate Judge assigned to screen the complaint issued an Order on July 27, 2009, instructing Arsad that he must first authorize payment of the filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, by signing an Authorization form which was provided to him. Arsad, a litigant who is quickly becoming a "frequent filer" in this Circuit,

once again attempted to avoid his obligation to pay the filing fee for the underlying action. Rather than request in forma pauperis status and sign the Authorization form, Arsad submitted a promissory note purporting to cover the costs of filing his § 1983 complaint. Given Arsad's continued refusal to either pay the filing fee or properly pursue in forma pauperis status, the Magistrate Judge issued a Report and Recommendation recommending that his complaint be dismissed for lack of prosecution.

Pursuant to 28 U.S.C. § 636(b)(1), Arsad was afforded an opportunity to file written objections to the Report and Recommendation. Instead of filing objections to the Report or providing the requested Authorization, Arsad prepared a notice of appeal to this Court. As a result of Arsad's steadfast refusal to assume financial responsibility for his § 1983 action, the District Court entered an Order on August 11, 2009—prior to the receipt of Arsad's notice of appeal—directing that the complaint be dismissed for failure to prosecute. Arsad's notice of appeal to this Court was thereafter received and filed in a timely manner.

As directed by the case opening letter from this Court's Clerk's Office, Arsad sought and was granted leave to proceed in forma pauperis on appeal.[1] Upon careful review of the record, we conclude that the District Court did not abuse its discretion in administratively terminating Arsad's civil action for failure to prosecute. We do not hesitate to conclude that Arsad's conduct amounts to a willful failure to respond to the orders issued by the District Court, and "evidences an intent to

1. To the extent Arsad objects to the Clerk's Order assessing fees for this appeal, we will affirm the Clerk's Order. While this Court requires the authorization form by local rule, it is not required by the statute. Arsad's obligation to pay the filing fees associated with this appeal was incurred when he filed

his notice of appeal and motion for leave to proceed *in forma pauperis* on appeal. He can not avoid paying those fees simply by failing to sign and file the Authorization form. *See Newlin v. Helman,* 123 F.3d 429 (7th Cir. 1997); *Hall v. Stone,* 170 F.3d 706, 708 (7th Cir.1999).

flout the District Court's instructions" on proper compliance with the provisions of 28 U.S.C. § 1915. *Redmond v. Gill,* 352 F.3d at 803.

Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

We also note that this appeal is but one of a number growing out of Arsad's practice of attempting to evade responsibility for payment of filing fees by tendering worthless "promissory notes" or refusing to sign authorization forms. Appellant's tactics constitute harassment of the judicial system and should not be permitted to continue. Accordingly, we direct that the Clerk of this Court to accept no future cases from Warren F. Arsad, Jr., absent a specific order from a judge of this Court.