ALD-201                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1260

TERRANCE MATTHEWS,
Appellant

v.

CO MS. SUGGS; CO MR. KELLY; CO. MCKELVY,
OTHER DEFENDANTS, ETC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-6168)
District Judge: Honorable Thomas M. Golden

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed:  June 2, 2010)

OPINION

PER CURIAM

        Terrance Matthews, a state prisoner proceeding pro se, appeals from the District

Court's order denying his motion to proceed in forma pauperis and administratively

terminating his civil action. We will vacate the District Court's order and remand for further proceedings.

## I.

In December 2009, Matthews submitted his in forma pauperis ("IFP") application to the District Court. In his IFP application, Matthews stated that he is not employed, but that he has monthly expenses which include back child support payments for his two minor children, parole supervision fees, and restitution costs. By order entered January 7, 2010, the District Court denied the motion, finding that the $1,037.38 in Matthews' prison account was "sufficient to pay the $350 filing fee to commence [a] civil action."[1]

Matthews appealed, arguing that the District Court did not take into account his various expenses. In particular, he asserts that he must pay all of the fees associated with his parole before he is released. If he is required to pay the entire District Court filing fee, he will have insufficient funds to cover his parole costs and will not be released. We granted Matthews leave to proceed in forma pauperis on appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291, see Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003), and we review the District Court's ruling for abuse of discretion, see United States v. Holiday, 436 F.2d 1079, 1079 (3d Cir. 1971). IFP determinations

---

[1] Although Matthews does not appear to have filed a copy of the civil complaint, the District Court docket reflects that Matthews was attempting to proceed pursuant to 42 U.S.C. § 1983.

2

generally are made solely on the basis of indigence, without regard to the potential merit of a complaint.  See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).

We conclude that the District Court abused its discretion in requiring Matthews to pay the filing fee.  Although the District Court determined that Matthews had sufficient funds in his prison account to pay the fee, it does not appear to have taken into account Matthews' other financial obligations, particularly his back child support payments and costs associated with his parole.  Besides, the United States Supreme Court has held that a plaintiff need not "be absolutely destitute to enjoy the benefit" of in forma pauperis status.  Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Based on our review of the financial information contained in the IFP application submitted to the District Court, Matthews appears to be eligible for IFP status.

Accordingly, we will summarily vacate the District Court's order, and remand the matter for further proceedings consistent with this opinion.