GLD-246                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2381
_____

PATRICK DANIEL TILLIO, JR.,
                                                      Appellant

v.

LOWER MERION POLICE;
LOWER MERION POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02419)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit Judges</u>

(Opinion filed: August 30, 2012)
_____

OPINION
_____

PER CURIAM

        Patrick Daniel Tillio, Jr. ("Tillio"), proceeding pro se and in forma pauperis,

appeals from the District Court's order dismissing his complaint.  We will summarily

affirm.

1

I.

In April 2012, Tillio filed an application to proceed in forma pauperis and a complaint alleging that the Lower Merion Police were violating his civil rights and working with people to take his father's home. (Dkt. No. 3.) By order entered May 8, 2012, the District Court granted Tillio leave to proceed in forma pauperis but dismissed his complaint without prejudice. (Dkt. No. 2.) Tillio was granted leave to amend his complaint within thirty days.

Rather than filing an amended complaint, Tillio filed a notice of appeal on May 11, 2012. The Clerk notified Tillio of a potential jurisdictional defect pursuant to Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam), and that his appeal would be submitted for possible summary action. Tillio did not respond.

II.

Normally, an order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli, 532 F.2d at 951. Such an order becomes final and appealable, though, if the plaintiff "declares his intention to stand on his complaint" instead of amending it. Id. at 952.

There is no "clear rule for determining when a party has elected to stand on his or her complaint." Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). However, when the District Court has provided a set amount of time within which to amend, and the plaintiff fails to do so, the Court may conclude that the plaintiff elected to stand on his complaint. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992); see also Hagan, 570 F.3d at 151 (concluding that plaintiffs stood on their complaints because they filed

notices of appeal rather than amending within specified time period); <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007) (same).

Tillio filed a notice of appeal, instead of amending his complaint, within the thirty-day window provided by the District Court. Therefore, Tillio elected to stand on his complaint, and the order of the District Court is final and appealable. We have jurisdiction over his appeal.

Having determined that jurisdiction is proper, we may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6. We agree with the District Court that Tillio's complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a). He claimed that the Lower Merion Police were "going against [his] civil rights" and "work with people take home from dad." (Dkt. No. 3, p. 3.) Tillio did not state any particularized basis for the Lower Merion Police Department's liability, nor did he identify individual police officers who may have violated his rights. He named two individuals as additional defendants but did not describe any factual basis for their liability. Tillio also claimed that the police and others were trying to take his father's home. The District Court correctly determined that "he does not have standing to raise claims based on injury sustained by his father." (Dkt. No. 2, p. 2.)

In sum, Tillio's complaint did not contain the requisite "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal was therefore appropriate. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (complaint

does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)).

III.

The District Court properly dismissed Tillio's complaint and allowed him leave to amend.  We will summarily affirm the order of the District Court because no substantial question is presented by this appeal.  3d Cir. LAR 27.4 and I.O.P. 10.6.