BLD-376                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2468
_____

PATRICK TILLIO, JR.,
                              Appellant

v.

NARBETH AMBULANCE; BRYN MAWR AUTO BODY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-02518)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 8, 2013
Before:  HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 21, 2013)
_____

OPINION
_____

PER CURIAM

     Patrick Tillio appeals pro se from the dismissal of his complaint by the District

Court.  For the reasons that follow, we will summarily affirm.  See LAR 27.4; I.O.P.

10.6.

As best we can construe Tillio's complaint, it appears to be some kind of action under 42 U.S.C. § 1983.[1] This conclusion is supported by 1) numerous references within the complaint to the Lower Merion Police Department, and 2) an allegation that some employee of one of the defendants caused a personal injury of some kind. Our understanding is in part informed by Tillio's previous appeal in a related case. Tillio v. Lower Merion Police, No. 12-2381, 481 F. App'x 715 (3d Cir. 2012) (nonprecedential). It appears that someone, who is not identified by name, has allegedly caused an injury to Tillio and Tillio's father. There is also an allegation that an unknown person (identified as the "chop shop man") moonlights for the Lower Merion Police Department. The District Court granted Tillio's motion to proceed in forma pauperis, then dismissed his complaint without prejudice "because his complaint is rambling and unclear." The District Court gave Tillio leave to amend within 30 days, and Tillio filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. "Ordinarily, an order that dismisses a complaint without prejudice . . . is neither final nor appealable." Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam) (citing Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam)). But when a District Court gives a specific amount of time in which to amend and the plaintiff chooses to file a notice of appeal in that time

---

[1] Tillio has checked civil rights, validity of a patent, and habeas corpus at various points on the form complaint. But in the "Basis for Jurisdiction" section of the form, he has marked federal question jurisdiction and written in that the federal right at issue is "civil rights for me and people."

instead, that is sufficient to demonstrate an intention to stand on the complaint. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Accordingly, the order here is both final and appealable. We exercise plenary review over the District Court's dismissal for failure to state a claim. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam).

The District Court did not err in determining that Tillio had failed to state a viable claim. See Aschroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief."). We see no factual allegations of any kind against Bryn Mawr Auto Body, one of the two named defendants. Even assuming, doubtfully, that the other defendant, Narberth Ambulance, would qualify as a state actor for the purposes of § 1983, we perceive no factual allegations suggesting it violated any right. Indeed, the complaint makes no attempt to tie the allegation about the moonlighting employee to the injury Tillio alleged. Tillio's complaint does not even rise to the level of a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal with leave to amend was appropriate. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Tillio chose to stand on his complaint, and we agree with the District Court that it was insufficient.

For the reasons given, we will summarily affirm the judgment of the District Court.

3