ALD-033                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3396
_____

STEVEN A. JOHNSON,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-16-cv-00973)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2016

Before:  McKEE, JORDAN and RESTREPO, Circuit Judges

(Filed: November 21, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Johnson, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition and an order denying his motion for reconsideration. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings.

Johnson filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the loss of good conduct time and other sanctions following a prison disciplinary proceeding. Because Johnson's filing was not accompanied by a properly completed application to proceed in forma pauperis ("IFP") or the $5.00 filing fee, an administrative order was issued providing that he must submit an application or pay the fee within 30 days, or by June 24, 2016, or his case would be dismissed. On June 29, 2016, having received neither an application nor the fee, the District Court dismissed the action without prejudice.

The District Court received Johnson's $5.00 filing fee on or about July 6, 2016. On July 8, 2016, the District Court received a letter from Johnson asking it to consider that he had turned in the form needed to remit payment in enough time to meet the Court's deadline and that he cannot control when prison staff completes such requests. The District Court construed the letter as a motion for reconsideration, denied the motion without prejudice, and directed the Clerk of Court to refund the filing fee it had received. Johnson's fee was returned to him. This appeal followed.

We must first address our appellate jurisdiction. "Ordinarily, an order that dismisses a complaint or denies an in forma pauperis motion without prejudice is neither

2

final nor appealable." Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam) (citing Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam)). This is because the deficiency may be corrected by the litigant without affecting the cause of action. Borelli, 532 F.2d at 951. In Redmond, for example, the district court dismissed a complaint without prejudice because the prisoner had failed to submit a document required to proceed IFP. On appeal, we noted that if the district court had afforded the prisoner the opportunity to submit the document, we would lack jurisdiction because the prisoner could cure the defect. Redmond, 352 F.3d at 803. The district court, however, required the prisoner to pay the filing fee in order to proceed with his complaint. We held that the order was appealable because it terminated the action and precluded the prisoner from proceeding IFP. Id.

The District Court here dismissed Johnson's habeas action without prejudice because he had failed to pay the filing fee or submit an IFP application. Had the case ended there, we would not have jurisdiction over an appeal of the dismissal order because Johnson could cure the defect by re-filing his habeas petition with the filing fee or application. Johnson, however, filed a motion for reconsideration stating that he had given the requisite forms to prison officials in order to remit the fee. Significantly, the District Court also received the filing fee. Although the defect was cured, the District Court denied reconsideration and returned the payment. Under these circumstances, we conclude that the District Court's orders are appealable because Johnson's action was terminated and he was unable to cure the defect that caused the dismissal.

3

On the merits, we conclude that the District Court should have granted Johnson's motion for reconsideration. The District Court received the filing fee less than two weeks after it was due and one week after the dismissal order was entered. Johnson stated that he had turned in the payment form to prison staff in sufficient time to meet the Court's deadline. Although the District Court's dismissal order was not erroneous, we can discern no reason from the record why Johnson was not permitted to proceed with his habeas petition when his motion and payment were received.

Accordingly, we will vacate the judgment of the District Court and remand this matter for further proceedings. On remand, the District Court shall afford Johnson an opportunity to resubmit the $5.00 filing fee.