**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-3329 and 19-3463
_____

STATE OF NEW JERSEY

v.

EL AEMER EL MUJADDID,
                                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-17596)
District Judge: Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 and Possible Dismissal due to a Jurisdictional Defect
March 20, 2020
Before:  RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On September 3, 2019, appellant El Aemer El Mujaddid filed a Notice of Removal pursuant to 28 U.S.C. § 1443(1), wherein he sought to remove to the United States District Court for the District of New Jersey what he characterizes as a "quasi criminal" case pending against him in the Gloucester City Municipal Court under Ticket No. E18-002499.[1]  Because the criminal prosecution against El Mujaddid had been dismissed in the Gloucester City Municipal Court at the discretion of the prosecution on the same day the removal notice was docketed, the District Court denied the petition for removal and summarily remanded the case to the Gloucester City Municipal Court in an order entered on September 20, 2019.  El Mujaddid filed a timely notice of appeal, and that appeal has been docketed at C.A. No. 19-3329.

El Mujaddid thereafter filed a motion in the District Court seeking leave to appeal that court's remand order in forma pauperis ("IFP").  However, because the IFP application did not contain sufficiently precise information regarding El Mujaddid's income or assets to permit the District Court to evaluate his financial eligibility, the court entered an order denying the IFP application without prejudice.  The District Court advised El Mujaddid how to obtain a form application designed for pro se litigants that would ensure the inclusion of sufficient information to allow the court to make the necessary evaluation.  The District Court further informed El Mujaddid that he was permitted to reapply for IFP status using the proper form.  Rather than submit the appropriate form, El Mujaddid filed another notice of appeal.  That appeal has been

---

[1]  The Gloucester City Municipal Court case appears to have involved a traffic citation.

2

docketed at C.A. No. 19-3463. The two appeals have been consolidated for purposes of disposition.[2]

This Court may review a remand order in a case which was removed pursuant to 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d). We exercise plenary review here. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000). Our Clerk advised El Mujaddid that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. The parties were invited to submit argument in writing and El Mujaddid has done so. We will summarily affirm the order of the District Court entered September 20, 2019, because no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

As explained by the District Court, the removal permitted by 28 U.S.C. § 1443 is narrow. Removal under § 1443(1) is appropriate when a state court defendant "is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'" and cannot enforce those rights in state court. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). While El Mujaddid asserted that this case involves, inter alia, the Civil Rights Act of 1964, he no longer had a criminal prosecution pending against him as the proceeding

---

[2] Insofar as El Mujaddid seeks review of the Clerk's Order granting consolidation of these two appeals but denying his request to consolidate the appeals with C.A. No. 19-3328, we affirm the Clerk's Order issued on November 18, 2019. The appeal docketed at C.A. No. 19-3328 is from a separate District Court action dismissing a complaint filed pursuant to, inter alia, 42 U.S.C. § 1983 against numerous defendants. See El Mujaddid v. Brewer, D.N.J. Civ. No. 18-cv-14021. We likewise reject El Mujaddid's contention in his "corrected" motion that consolidation of these appeals with C.A. No. 18-3756 is appropriate. El Mujaddid's mandamus action docketed at C.A. No. 18-3756 related to the civil action underlying C.A. No. 19-3328 and was disposed of back in January 2019.

3

in the Gloucester City Municipal Court had been dismissed in its entirety.[3] We thus agree with the District Court's determination that a summary remand was appropriate. See 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

El Mujaddid's appeal from the District Court's order denying his motion for leave to proceed IFP in this proceeding will be dismissed for lack of jurisdiction. El Mujaddid is correct in his contention that, generally, an order denying IFP status is a "final, collateral order appealable under 28 U.S.C. § 1291." See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). An order denying IFP status without prejudice, on the other hand, is not final and appealable if the order provides an opportunity to cure a defect. Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003). However, we need not comment on this distinction further in the instant case. The proper way to seek relief from the District Court's denial of leave to proceed IFP on appeal is to seek such leave directly from this Court. See Fed. R. App. P. 24(a)(5). El Mujaddid has sought and obtained such leave in C.A. No. 19-3329, so the issue is moot.

Given the foregoing, we will summarily affirm the District Court's order at issue in C.A. No. 19-3329 because the appeal presents no substantial issue, see Third Circuit

---

[3] Moreover, El Mujaddid had an opportunity to litigate his complaint raising claims under, inter alia, 42 U.S.C. §§ 1983, 1985 and 1986, and the First, Fourth, Thirteenth and Fourteenth Amendments against numerous defendants stemming from events surrounding the same traffic citation after the case was removed to federal court. See El Mujaddid v. Brewer, et al., D.N.J. Civ. No. 18-cv-14021. An appeal from the District Court's dismissal of that action has been docketed in this Court at C.A. No. 19-3328.

4

LAR 27.4 and I.O.P. 10.6, and will dismiss the appeal at C.A. No. 19-3463 for lack of jurisdiction. El Mujaddid's motions for summary reversal, the appointment of counsel, and an injunction or expedited consideration are denied.