**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2843
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                    Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2020

Before:  JORDAN, BIBAS AND PHIPPS, Circuit Judges

(Opinion filed: July 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Frederick H. Banks appeals pro se from an order of the District Court.  For the

following reasons, we will dismiss the appeal in part for lack of jurisdiction and vacate in

part the District Court's judgment and remand for further proceedings.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Banks is a federal prisoner and frequent litigant in this Circuit. He has been tried and convicted of various fraud-related offenses at least four times in the United States District Court for the Western District of Pennsylvania. He has completed serving his sentence for all but one of those convictions (W.D. Pa. Crim. No. 15-cr-168).

In July 2019, Banks filed a motion in his 2003 case (W.D. Pa. Crim. No. 03-cr-0245) titled, "Notice to the Court; and Motion to Vacate Restitution & Fine Orders, or Modify and to Reform Prior Payments." Banks asserted that at various times when he was incarcerated, living in a halfway-house, and/or on supervised release, he had mailed payments toward his restitution and fines to the Clerk of the District Court, but that these payments were never credited to him. As a result, Banks asked the District Court to "vacate[] the restitution and fine orders and judgments or to modify and to return prior payments." Mot. 1, ECF No. 804.

Upon consideration of this motion, the District Court noted that Banks had listed in the caption not only 03-cr-0245, but also his three other criminal cases, each of which was assigned to a different District Judge (W.D. Pa. Crim. Nos. 04-cr-176, 96-cr-64, and 15-cr-168). The District Court explained that, even assuming that Banks was entitled to some form of relief based on his allegations, the District Court had no way to tell which restitution/fine orders he was addressing. Accordingly, by order entered July 31, 2019, the District Court denied the motion and ordered Banks to cease his practice of listing multiple case numbers on his submissions (except in appropriate circumstances). The

District Court also directed the Clerk's Office, "from this point on, to discard any submission by Defendant containing more than one case number in the caption." Order 1, ECF No. 805.

Banks filed a joint notice of appeal/response to the District Court's order. Banks stated that he himself had no way of knowing what had happened to the payments because they were never properly credited to his cases. He asserted that it is the Court's job, not his, to investigate the issue and determine what happened to his money. He also noted that the District Judge failed to: construe the rules in his favor under the "Indian canon of construction," serve the order on him via U.S. Marshal, or affix her official seal to the order. He alleged that the Clerk of Court similarly failed to affix the Court's seal and failed to sign the order. The District Court construed the response as a motion for reconsideration and denied relief.

Banks appeals from both orders.

## II.

A.     The District Court's Order Denying Banks's Notice/Motion

We lack jurisdiction to review the District Court's order to the extent it denied Banks's "Motion to Vacate Restitution & Fine Orders, or Modify and to Reform Prior Payments." The District Court denied relief on the ground that it had no way of knowing which restitution and/or fine orders were in dispute. The court then directed Banks to stop listing multiple case numbers on his motions. We construe this order as a denial of the motion without prejudice to Banks filing a properly captioned action. Because the

3

District Court would evidently consider a submission filed in the prescribed manner, and because Banks can readily comply with the court's instructions, the District Court's order is not final or appealable. Cf. Borelli v. City of Reading, 532 F. 2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."); Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (holding that a denial without prejudice of motion for leave to proceed in forma pauperis is not final or appealable when there is an opportunity to cure the defect in the filing).

B.    The District Court's Order Directing the Clerk to Discard Submissions With More Than One Case Number in the Caption

We do have jurisdiction, however, to review the District Court's order to the extent that it directed the Clerk's Office, "from this point on, to discard any submission by Defendant containing more than one case number in the caption." Order 1, ECF No. 805; see 28 U.S.C. § 1292(a)(1).

This Court has recognized that district courts can impose filing injunctions under the All Writs Act, 28 U.S.C. § 1651(a), on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). We have also made clear, however, that a district court must comply with certain requirements in imposing such an injunction. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (directing district courts to limit

4

injunctions to "exigent circumstances" such as continuous abuse of the judicial, give notice to the litigant and an opportunity to show cause why the injunction should not issue, and narrowly tailor the injunction).

The District Court's order does not meet these requirements. Assuming Banks's practice of naming multiple case numbers in the caption is abusive, the District Court nonetheless failed to give Banks an opportunity to show cause why the injunction should not issue, and the injunction is not narrowly tailored—it does not account for those situations in which Banks properly dockets a motion in more than one case. Furthermore, because the District Court instructed the Clerk to "discard" the noncompliant motions, Banks may not be advised when his attempted filings are rejected. A better solution is to direct the Clerk to return such motions to Banks.[1]

## III.

Accordingly, we will dismiss the appeal to the extent that Banks challenges the District Court's order directing him to cease the practice of filing submissions with multiple docket numbers in the case caption. We will vacate the District Court's order to the extent that it directed the Clerk's Office, "from this point on, to discard any submission by Defendant containing more than one case number in the caption." We will

---

[1] Because Banks did not challenge the filing injunction in his motion for reconsideration, we see no abuse of discretion in the District Court's order denying relief. See Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

remand the matter to the District Court for further proceedings consistent with this opinion.[2]

---

[2] The motion to dispense with the copies requirement is granted.