**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1468
_____

ROBERT W. JOHNSON,
Appellant

v.

IBIS STYLES HOTEL; MISS  RODRIGUEZ; ANDREA EADDY; THE CITY OF
NEW YORK; DEPARTMENT OF HOMELESS SERVICES; NAICA BRONX PARK
AVE; NYC DEPARTMENT OF SOCIAL SERVICES; HUMAN RESOURCES
ADMINISTRATION, DEPARTMENT OF HOMELESS SERVICES; NAICA
TRANSITIONAL HOUSING PROGRAMS; MOUNT SINAI; BETH ISRAEL; SONIA
J. RODRIGUEZ; ANNIE M. KIM; ANKITA TRIPATHI; JASON C. HUO; MAALOX;
PEPCID; OMNIPAQUE; CASSIDY DUNHAM; NEW YORK POLICE
DEPARTMENT; DENNIS WANG; SUBARNA ROY; LAURA H. HOGREFE;
SOPHIA M. SHARP-MARTIN; MOUNT SINAI HOSPITAL; MOUNT SINAI BETH
ISRAEL EMERGENCY DEPARTMENT; IBUPROFEN; THE STAYWELL
COMPANY LLC; YOGESH S. GUPTA; MOUNT SINAI BETH ISRAEL MEDICAL
CENTER RADIOLOGY; NATIONAL CENTER FOR VICTIMS OF CRIME;
NATIONAL ORGANIZATION FOR VICTIM ASSISTANCE; NADINE WARD;
ALISA KUMETS; EPIC BATCHQUSR; JEFFREY EKWEALOR; SIOMINSKI
SYLVAIN; ALEXANDRA AVENA; SAVI PROGRAM; HEALTHIX; NEW YORK
STATE DEPARTMENT OF FINANCIAL SERVICES; NYS DEPARTMENT OF
VICTIM SERVICES; MSBI-PETRIE DIVISION; PETER BLUNK & COMFORT INN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-00588)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 15, 2023)

_____

OPINION[*]

_____

PER CURIAM

Robert W. Johnson appeals pro se from an order of the United States District Court for the District of New Jersey denying his application to proceed in forma pauperis (IFP) and directing him to pay the filing fees within 14 days. For the following reasons, we will dismiss the appeal as moot.

Johnson filed a pro se complaint in the District Court against nearly 50 defendants; his claims related to an alleged sexual assault and the subsequent treatment and services that were provided to him. (ECF 1.) Along with the complaint, Johnson submitted a one-page, handwritten document seeking leave to proceed IFP, asserting that he is "a poor person with no income, bank accounts, properties or monetary assets." (ECF 1-1). By order entered February 7, 2022, the District Court denied the request to proceed IFP. (ECF 3). The District Court's order noted that Johnson had submitted an "[i]mproper and incomplete IFP application[,]" directed the Clerk to close the file, and advised Johnson that he could reopen the case without further court action by paying the filing fees within

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

14 days.  (Id.)  Johnson did not pay the fees.  Instead, he filed a timely notice of appeal, which was docketed here at C.A. No. 22-1468.[1]  (ECF 5.)

Meanwhile, on February 22, 2022, Johnson filed in the District Court a second IFP application on the proper form.  (ECF 4.)  The District Court denied that IFP application, holding that Johnson's "nationwide serial filings [were] a textbook example of abusive litigation" that warranted invocation of an exception to the general rule that leave to proceed IFP should be decided on economic criteria alone.[2]  (ECF 8, at 6.)  Johnson appealed (ECF 10), and the matter was docketed here at C.A. No. 22-2601.

We conclude that the appeal at C.A. No. 22-1468 is moot because "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."  Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 39 (3d Cir.1985).  When Johnson filed his notice of appeal from the order entered on February 7, 2022, the District Court had not yet adjudicated his second IFP

---

[1] Because Johnson did not seek leave to proceed IFP on appeal or pay the filing fees, the Clerk of this Court closed the appeal.  (Doc. 4.)  Later, Johnson sought to reopen the appeal.  (Doc. 7.)  He also filed a motion to proceed IFP on appeal.  (Doc. 9.)  We granted those motions by order entered August 9, 2022.  (Doc. 11.)  We have jurisdiction under 28 U.S.C. § 1291.  See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam).

[2] "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."  Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).  Here, however, the District Court considered the second IFP application while this appeal was closed.  See note 1, *supra*.

application. Later, however, the District Court considered, and denied, Johnson's second, compliant IFP application. Given this change in circumstances, granting the relief that is available to Johnson – a judgment vacating the order denying his first IFP application and remanding the matter to the District Court so that it can address his second IFP application – would be futile. See Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (stating that "a case not moot at the outset can become moot because of a change in the fact situation underlying the dispute, making relief now pointless"). Although exceptions to mootness exist, see In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003), none apply here. Thus, we will dismiss the appeal as moot. See Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (explaining that "an appeal should … be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant" (quotation marks omitted)).